## York County *v.* Thompson, Appellant.

*Public officers—County treasurer—Warrants—Evidence.*

On an appeal from the report of county auditors settling the account of a county treasurer, it is proper to exclude offers of warrants, where it appears that the alleged warrants were not delivered to the several persons entitled to payment, and paid by the treasurer on presentation to him, but that they were warrants issued by the county commissioners for the aggregate amount of various bills previously paid by the treasurer, and that many of such bills were altered, raised and forged.

Argued May 15, 1906. Appeal, No. 153, Jan. T., 1906, by defendant, from judgment of C. P. York Co., Jan. T., 1901, No. 195, on verdict for plaintiff in case of York County v. William O. Thompson. Before Fell, Brown, Mestrezat, Potter and Elkin JJ. Affirmed.

Appeal from report of county auditors. Before Bittenger, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $12,692.10. Defendant appealed.

*Error assigned* among others was in rejecting the warrants referred to in the opinion of the Supreme Court.

*Henry C. Niles*, with him *George E. Neff*, for appellant.

*J. S. Black*, with him *H. C. Brenneman*, county solicitor, and *Charles A. Hawkins*, for appellee.

Per Curiam, May 24, 1906:

The proceeding in the common pleas was on an appeal, allowed nunc pro tunc on proof of fraud, from the report of county auditors settling the account of a county treasurer; see Zeigler's Petition, 207 Pa. 131; York County v. Thompson, 212 Pa. 561. Under the issue framed, in which the treasurer was made plaintiff, and by agreement of counsel filed, the burden of proof was on him affirmatively to make out a prima facie case as to all of the items excepted to. At the trial the treasurer offered in evidence warrants drawn by the commissioners covering the amounts of payments alleged to have been previously made at different times to different persons. The reasons for not admitting these warrants as evidence of proper payments by the treasurer is thus stated by the learned judge: " It appeared on investigation by admissions and otherwise, that these were not issued to creditors of the county as orders on the county treasurer, the plaintiff, for the payments of the amounts due creditors of the county, out of the county's moneys in his custody, as county treasurer, and on which he paid the amount

thereof to the holders of the orders or warrants; but that payment was made on the bills of such creditors of the county, when presented, the said bills placed in the treasurer's cash drawer, and afterwards, from time to time, packages of said bills were fastened together and delivered to the county commissioners who made out warrants for the aggregate amount of such packages, naming one or more of the claimants named in the bills, adding the words "et al." It was legally ascertained that many of these claimed warrants were issued on altered, raised and forged bills, a more particular notice of which need not now be taken. The court rejected these warrants because the alleged warrants were not delivered to the several persons entitled to payment, and by them presented to the treasurer and said bills paid on such orders; because they were not legal warrants for the payment out of the public moneys of the county in the hands of the treasurer; that these orders could not be admitted as evidence under the claim of ratification by the county commissioners of payments of amounts embraced in the bills for which said warrants purported to be issued."

There was no error in this ruling. The offers did not show payments made on warrants drawn by the commissioners as required by law but payments made without authority and in violation of law. Warrants subsequently drawn to cover the aggregate amounts of unlawful payments were not an acquittance to the treasurer. He was afforded every opportunity to prove by competent testimony that the payments made by him, although unauthorized at the time, were for debts justly due by the county.

The judgment is affirmed.