## C. J. STEFFEN, Appellant, v. NIM R. LONG, Respondent.

### St. Louis Court of Appeals, May 7, 1912.

1. **REPLEVIN: Pleading: General Denial: Issues.** In an action of replevin, a general denial is sufficient to put the plaintiff to proof of title or right of possession.

2. ——: ——: ——: ——: **County Warrant.** A plaintiff, suing in replevin for a county warrant, must, when the answer is a general denial, prove title to or right of possesion of a specific warrant, and it is not sufficient to show generally that he is entitled to have a warrant issued to him.

3. **COUNTY WARRANTS: Validity: Necessity of Delivery: Bills and Notes.** A county warrant is, in legal effect, a promissory note; and, until it is delivered to the payee, it is a nullity and he can acquire no property interest in it.

4. ——: **Necessity of Signature by President of Court: Statutes.** County warrants are creatures of the statutes and may be issued only in accordance therewith. The Legislature had the authority to prescribe, and did prescribe by section 6797, Revised Statutes 1899, that they shall be signed by the president of the court, and they cannot lawfully be issued without such signature.

Steffen v. Long.

5. ———: Compelling Issuance: Mandamus. Where one has a general right to have a county warrant issued to him, but has no right to the possession of any particular warrant, his remedy, if any, is by mandamus; but it is *held* that it is not necessary to determine in this case whether or not mandamus would lie.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Frank Howell* and *Edw. Killiam* for appellant.

(1) Replevin will lie for the recovery of records, documents, notes, checks and writings in general of value when unlawfully detained. 34 Cyc., p. 1358. (2) A county warrant is both a judicial ascertainment and a written acknowledgment of indebtedness by the county and to all intents a promissory note of the county. Bank v. Franklin Co., 65 Mo. 112. (3) Defendant by his answer pleads that he is county clerk and that the court ordered the clerk to hold the warrant, No. 350, and does not plead property in himself nor in a stranger, and thereby admits title in plaintiff; and if plaintiff showed possession in defendant, plaintiff made his case in replevin. Gray v. Parker et al., 38 Mo. 165; Uphan and Gordan v. Allen, 76 Mo. App. 210; Rosentreter v. Brady, 63 Mo. App. 402; 2 Greenl. Ev. (5 Ed.), secs. 562, 563; Scott v. Riley, 49 Mo. App. 251; Gartside v. Nixon, 43 Mo. App. 138; Morgner v. Biggs, 46 Mo. 65; 34 Cyc., pp. 1491, 1495. (4) The title to county warrants and the right to the possession is in the person to whom they are payable from the time they are drawn and remain so while in hands of the clerk for five years, and the court nor the clerk can not change the status of ownership or right to possession for five years. R. S. 1899, secs. 6800, 6796, 6797 and 6798. (4) The warrant was competent evidence to show property interest. 34 Cyc., p. 1497. Also to

show the identity of the property sued for. 34 Cyc., p. 1503, sec. 3; Bank v. Wood, 124 Mo. 72.

*Clarence Cannon* and *R. H. Norton* for respondent.

(1) The warrant was not valid in law, because, as shown by the evidence, it was not signed by the president of the court. R. S. 1909, sec. 3789. (2) A county warrant is in effect the promissory note of the county. Bank v. Franklin Co., 65 Mo. 112; Bank v. Lexington, 74 Mo. 105. (3) Delivery is essential to the validity of a promissory note, and a county warrant occupies exactly the same footing. Ayers v. Milroy, 53 Mo. 516; Carter v. McClintock, 29 Mo. 464; Welch v. Dameron, 47 Mo. App. 221. (4) There being no delivery title was not passed and replevin cannot be maintained. R. S. 1909, sec. 2637; Holliday v. Lewis, 15 Mo. 404; Pilkinton v. Trigg, 28 Mo. 95; Boutelle v. Warne, 62 Mo. 350; Westbay & Melligan, 89 Mo. App. 294.

STATEMENT.—Action of replevin to recover the possession of a county warrant. At the conclusion of the plaintiff's case the trial court gave a declaration of law in the nature of a demurrer to the evidence; whereupon the plaintiff took a nonsuit with leave to move to set the same aside, and afterwards, having filed such motion and it being overruled, the plaintiff prosecuted his appeal to this court.

Plaintiff claims in his petition that on the ———— day of ————, 1908, he was the owner and lawfully entitled to the possession of county warrant No. 350 for $100, dated August 19, 1905, drawn by order of the county court on the treasurer of Lincoln county and payable to the order of the plaintiff. And that afterwards, on the same day, defendant wrongfully withheld said property from the possession of plaintiff and still unjustly detains the same, etc.

Defendant's answer contained a general denial, and further stated that at all the times mentioned in the complaint defendant was the county clerk of Lincoln county, acting as such; that on January 7, 1908, the county court made an order duly entered of record, reciting that the plaintiff had subscribed $100 for building a bridge and had failed and refused to pay it, and that on August 19, 1905, said court had issued its warrant No. 350 to plaintiff for $100, "which said warrant is yet in the custody of this court," and ordering the defendant as county clerk to hold said warrant and to not deliver it until the plaintiff pays said subscription into the county treasury.

The reply was a general denial.

It appears from the uncontradicted evidence offered by the plaintiff, that on August 19, 1905, the county court ordered that a warrant be drawn in favor of the plaintiff for $100, the defendant being then and at all the times in question thereafter, the clerk of said court. Such warrant was drawn up by the defendant as county clerk and some one signed it in the name of the presiding judge of the county court. Who so signed it, or at whose direction it was signed, does not appear, but the evidence on behalf of plaintiff conclusively establishes that it was not signed by the presiding judge. This instrument never left the possession or control of the county clerk and was in his possession and control up to and at the time of the trial, never having been delivered to anybody. Plaintiff testified, "The warrant was never delivered to me. I asked Mr. Long for it twice; once just before I brought this suit and the other in 1907." The first time plaintiff asked for it was in November, 1907. Before that the defendant told him he had the warrant for him; that the warrant had been drawn, but he refused to accept it, saying it was not sufficient in amount. When plaintiff asked for it in November, 1907, the defendant refused to give it

to him, saying that the county judges had told him to hold, and not deliver, it. On January 8, 1908, the county court made and entered of record the order pleaded in defendant's answer, ordering him to hold the warrant and not deliver it until the plaintiff paid his subscription of $100 into the county treasury. Before this order was entered, and before plaintiff had asked for the warrant in November, 1907, the county judges had verbally instructed the clerk to the effect set forth in the order. The second demand made by plaintiff for the warrant was in February, 1909, just before commencing this suit, defendant again refusing to give it to him.

CAULFIELD, J. (after stating the facts).—The circuit court did not err in giving the demurrer to the evidence. The defendant's general denial was sufficient to put the plaintiff to proof of title or right of possession. [Pulliam v. Burlingame, 81 Mo. 111.] And he must have proven such title or right of possession for a certain specific warrant. It was not sufficient that he show generally that he was entitled to have a warrant issued to him. [Cobbey on Replevin (2 Ed.), sec. 73.] Plaintiff failed to make the necessary proof. A warrant is, in legal effect, a promissory note. [International Bank of St. Louis v. Franklin County, 65 Mo. 105.] As long as it has not been delivered, it is a nullity and the plaintiff can acquire no property interest in it. [Tiedeman on Commercial Paper, sec. 34; Commonwealth ex rel. v. County Commissioners, 20 Pa. County Ct. Reports, 593.] See, also, Wilson v. Knox County, 132 Mo. 387. l. c. 392, 34 S. W. 45, 477, where it was said that as long as a county warrant remains in the possession of the county clerk the contract evidenced thereby remains unexecuted and the warrant within the control of the county court, but when the warrant is delivered the contract is executed "and legislation *thereupon* must have regard . . . to the vested rights

acquired by the holders thereof.'' In the case at bar the warrant was never delivered and therefore the plaintiff acquired no title or right of possession.

The plaintiff did not have the right to the possession of this particular warrant for another reason, viz., it was not signed by the president of the county court. County warrants are creatures of the statutes and can only be issued in accordance therewith. [Isenhour v. Barton County, 190 Mo. 163, 170, 88 S. W. 759.] The Legislature had the power and authority to prescribe, and did prescribe, that they shall be signed by the president of the county court (Isenhour v. Barton County, supra; R. S. 1899, sec. 6797), and without such signature they cannot be lawfully issued.

It is clear that even if the plaintiff has a general right to have a warrant issued to him, he has no right to the possession of this particular warrant, and his remedy, if any, lies in mandamus and not in replevin. Whether the plaintiff could proceed even in mandamus against the county clerk, a mere ministerial officer, withholding the warrant because ordered to do so by the county court, is a question we need not decide. [See, however, The People ex rel. v. Klokke et al., 92 Ill. 134.]

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.