# In re Auditors' Report.

*Public officers—County commissioners—Auditor's report—Taxpayers' appeal—Issue—Laches—Striking of appeal from record—Act of June 12, 1878, P. L. 208.*

1. When an appeal from the report of county auditors settling the accounts of the county commissioners is entered within the required time, the filing of such appeal, with or without exceptions to the report, puts the burden upon the commissioners of showing that they had legally disbursed the funds of the county and imposes upon them the duty of having the question disposed of, and where after the filing of such appeal nothing further is done for a period of four years, and the appellant taxpayers then move to proceed upon the appeal and exceptions, it is error for the court to dismiss such motion, and, on motion of the commissioners, to strike the appeal from the record, on the ground that appellants have been guilty of laches.

2. In such case there is no presumption that essential records, including the books, papers and vouchers explanatory of the acts complained of, have been destroyed or have become inaccessible to both parties, especially where there was no evidence or matter set up in answer by the commissioners relative to the destruction of or inaccessibility to such records, and it is error for the court to dismiss the appeal in reliance upon the existence of such presumption.

3. In such case it is error for the court in deciding the motion to strike the appeal from the record, to take into consideration a resolution passed by the successors of the county commissioners that "We are of the opinion that if said appeal and said exceptions were really filed in good faith there has not been any due and timely prosecution of the same, and we do not believe that their present agitation is founded upon good faith, and we therefore object and protest against any issue being formed for the trial of said exceptions in which the said County of Bradford shall be useplaintiff, as the same would make an unnecessary expense to said County of Bradford in our opinion."

Argued March 16, 1914. Appeal, No. 79, Jan. T., 1914, by F. N. Moore, et al., appellants, from judgment of C. P. Bradford Co., May Term, 1909, No. 248, striking from the record taxpayers' appeal from Auditors' Report for Bradford County for the year 1908. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Appeal from report of county auditors. Before WHITEHEAD, P. J., specially presiding.

The facts appear in the opinion of the Supreme Court.

The court dismissed appellant's motion to proceed upon the appeal and ordered the appeal stricken from the record.

*Error assigned* was in dismissing motion to proceed upon the appeal and in striking the appeal from the record.

*W. J. Schrier,* and *E. M. Dunham,* for appellants.

*Rodney A. Mercur,* with him *Mial E. Lilley,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, March 30, 1914:

The auditors of Bradford County filed in the Common Pleas their annual statement or report of the settlement of the accounts of the several county officers for the year 1908, and on May 15, 1909, more than three hundred and twenty-five taxpayers of that county, in behalf of the county, filed an appeal from the report, "particularly from the report upon the accounts of Edson D. Harkness, Langdon H. Marsh and M. J. McNulty, late county commissioners of said county, and ex-officio overseers of the poor, for the poor district composed of the County of Bradford." On the same day the appellants presented to the Common Pleas a bond with sureties in

the sum of one thousand dollars which was duly approved, conditioned that the appellants should prosecute their appeal with effect, and pay all costs that might accrue thereon in case they failed to obtain a final decision more favorable to the county than the report from which the appeal was taken. On June 30, 1909, the appellants filed fifteen exceptions to the report of the auditors in which it was alleged that the county commissioners had misappropriated very large sums of the county's money. Nothing further was done in the proceeding until May 22, 1913, when counsel for the appellant taxpayers moved the court "to proceed upon the appeal and exceptions filed in the above case by directing an issue or otherwise as to the court may seem necessary and lawful in the premises." The court granted a rule upon the commissioners to show cause why the motion should not be allowed. No answer was filed, but the commissioners moved the court to dismiss the exceptions filed by the taxpayers and strike off their appeal, assigning as reasons the "want of due and timely prosecution" and that the exceptions were "too general, not specific." The learned court below refused the motion of the appellants to proceed upon the appeal, dismissed the exceptions filed in support of the appeal, and struck the appeal from the record. In its opinion the learned court says: "We will dismiss these exceptions, refuse to direct an issue, and direct that the appeal be stricken off for the reasons that respondents (county commissioners) were justified in presuming an abandonment because of the laches of the appellants, and for the further reason that we are convinced that at this late date the respondents could not have the matters excepted to fairly adjudicated." From that order or decree the taxpayers, appealing from the report of the auditors, have taken this appeal.

From the reasons assigned by the learned court below for striking off the appeal from the report of the county auditors, we think it misapprehended the position of the

parties on the record and mistakenly attributed the default of the prosecution of the proceedings to the appellants. The Act of April 15, 1834, P. L. 537, authorizing the county auditors to settle and adjust the accounts of the commissioners and other county officers, requires their report to be filed in the Court of Common Pleas. The fifty-sixth section provides as follows: "An appeal may be made from such report to the Court of Common Pleas of the same county, either by the Commonwealth, the county or the officer, and thereupon the court may direct an issue as the case may require, to be tried by a jury, upon whose verdict final judgment shall be entered." The Act of June 12, 1878, under which the appeal from the auditors' report was taken in this case, provides that any ten or more taxpayers of the county may, in behalf of such county, appeal from the report of the county auditors to the Common Pleas, and requires the appellants to give bond to pay all costs unless a final decision be obtained more favorable to the county than the report of the auditors.

The appeal in the present case was properly taken and entered in the Court of Common Pleas by the appellants, and the statutory bond was given and approved by the court. The statute makes no provision for filing exceptions or specifications of error to the report of the audi tors. It is the practice, however, in many counties to file such exceptions and there certainly can be no objection as it informs the alleged delinquent officer of the ground on which the appeal was taken. The court may direct, the act provides, an issue to be tried by a jury, which evidently contemplates, upon the application of either or both of the parties. If no such application be made, we can see no reason why the court should not hear and dispose of the appeal.

In the present case the appeal from the report was taken and entered in time. Within a few weeks thereafter the exceptions were filed by the appellants, setting out the items of the alleged misappropriation by the com-

missioners. This was the status of the record when the appellants moved the court "to proceed upon the appeal and exceptions filed in the above case by directing an issue or otherwise as to the court may seem necessary and lawful in the premises." The issue as made up on the record, with or without the exceptions, put the burden upon the commissioners of showing that they had legally disbursed the funds of the county. Whether the cause was heard by the court or before a jury on an issue directed by the court was wholly immaterial, as the burden of proof was on the commissioners affirmatively to make out a prima facie case as to all the items excepted to: York County v. Thompson, 215 Pa. 578. The commissioners were the plaintiffs and the appellants were the defendants in the issue then before the court. The appellants had "prosecuted their appeal," without any laches, and an issue was formed which imposed upon the commissioners the duty of having it disposed of. The further delay was not in prosecuting the appeal, but in bringing the issue, formed by the pleadings, to trial before the court or before the court and a jury. The motion of the appellants was not, as the learned court thought, for an issue but for the court to proceed to dispose of the appeal in such manner as it deemed proper. The motion was certainly very appropriate under the circumstances. The commissioners who were charged with the misappropriation neglected to have the cause tried and the question determined whether they had misappropriated the funds. The position of the parties on the record required the commissioners to act, and failing to do so, the taxpayers who had duly prosecuted their appeal cannot be charged with laches because they had not moved the court earlier to proceed and determine the issue. As we have already said, the learned court misapprehended the position of the parties on the record, and attributed laches in disposing of the question at issue to the wrong party.

The reason assigned by the court for striking the ap-

peal from the record, that the books, contracts and vouchers under which the acts complained of may have passed out of the hands of the respondents and may have been destroyed as useless, is without merit. There is no presumption after so short a period that the official records have been destroyed or are not accessible to both parties. The commissioners knew within a very short time after the report was filed by the auditors that an appeal had been taken and was pending and that a bond securing the costs had been approved by the court, and if they destroyed their vouchers or other papers necessary to their defense it was done with full knowledge that the taxpayers of the county were demanding an investigation of their official conduct by the court. The destruction of these papers, it will be observed, is simply a surmise by the learned court and is not a fact disclosed by the evidence. The commissioners do not set it up in an answer and much less do they attempt to establish it by evidence. A surmise of the existence of a fact, however important, is not sufficient to justify a court in denying the taxpayers of a county the right to have an investigation of the conduct of officials charged with such important duties as those of county commissioners.

The learned judge in his opinion quotes a resolution passed by the present board of commissioners of Bradford county which he says should be taken into consideration by the court in determining whether "any further proceedings in this case" should be taken. In the resolution it is resolved "that we are of opinion that if said appeal and said exceptions were really filed in good faith there has not been any due and timely prosecution of the same, and we do not believe that their present agitation is founded upon good faith, and, we therefore object and protest against any issue now being framed for the trial of said exceptions in which the said County of Bradford shall be use plaintiff, as the same would make an unwarranted and unnecessary expense to said County of Bradford in our opinion." This is a remarkable resolu-

tion for any board of county commissioners to pass under the circumstances. It shows that the present board was not properly advised as to its duties in the premises. It was this misconception of duty and the failure of the performance of their duties by public officials that prompted the passage of the Act of 1878 under which this proceeding was instituted, and which authorizes ten or more taxpayers to prosecute or defend any suit or action in behalf of the county. It is the duty of the county commissioners to prosecute and defend all suits in behalf of the county. It is no less their duty to protect the taxpayers of the county by instituting suits against defaulting public officials. Unfortunately, it has been the experience of taxpayers in many counties of the State that such duty is frequently not performed, and in obedience to a demand arising from such failure of duty, the legislature passed the Act of June 12, 1878, P. L. 208, which empowers taxpayers to institute and defend actions for the county, a duty which should be performed by the county commissioners. We said in Bell v. Allegheny County, 149 Pa. 381, 385, that the Act of 1878 "should be most liberally construed." When taxpayers are compelled to invoke the authority of the act to secure an investigation of the official conduct of public officers charged with the administration of the fiscal affairs of the county, the court should not be astute in finding technical reasons to defeat the purpose.

Two boards of county commissioners have succeeded the alleged defaulting board and so far as the record discloses neither board has given any assistance in having the conduct of the former board of commissioners investigated. On the contrary, the present board of commissioners, ignoring the fact that over three hundred and twenty-five taxpayers of the county charged the former board in its official capacity with the misappropriation of large sums of money, "object and protest against any issue being framed for the trial of said ex-

ceptions" averring official misconduct. If the present board does not wish to join the taxpayers in this investigation, the least it could do would be to keep its hands off. No statute authorizes it to interfere in behalf of the former commissioners as against the county and its taxpayers, and when it does so it shows an entire misapprehension of its official duties. It would have been well for the present board of commissioners to have submitted its resolution to its counsel before it entered the resolution upon its minutes. He would have advised them that one of the grounds upon which they rest their resolution, to wit: That the prosecution of the case would make an unwarranted and unnecessary expense to said County of Bradford, was entirely incorrect, as the Act of 1878 requires taxpayers in taking an appeal from the report of county auditors to "enter into recognizance with two sufficient sureties" to protect the county against the costs of the proceeding. This fully protects the county for the use of its name in the proceeding. Here, a bond was given on the day the appeal was taken as required by the act in an amount and with sureties approved by the court. The groundlessness of this reason assigned by the present commissioners is apparent without further discussion. The other reason assigned by the commissioners for their intervention in behalf of their predecessors, to wit: That the appeal from the report of the auditors had not been duly and in good faith prosecuted, is a question for the court under the law and the evidence, and not for the present county commissioners to determine. The learned judge of the court below was clearly wrong in permitting the resolution to have any place in his consideration of the application of the appellants to have the cause proceeded with in his court. The statute does not recognize the present board as having any standing in the proceeding, and whether they desired it discontinued or not was wholly immaterial.

We think the court below should have granted the mo-

tion of the appellants and proceeded to a determination of the cause. If either party desires, he can make an application to the court to direct an issue. If no issue is desired, the court should dispose of the appeal from the report without any further delay.

The order or decree of the court below is reversed at the costs of Edson D. Harkness, Langdon H. Marsh and M. J. McNulty, and a procedendo is awarded.