BECKETT v. McCASLIN.

(Division A. Nov. 16, 1931.)

[137 So. 519. No. 29585.]

558

Thos. L. Haman, of Houston, for appellant.

Patterson & Patterson, of Calhoun City, for appellee.

Cook, J., delivered the opinion of the court.

On January 5, 1931, an execution was issued by the circuit clerk of Calhoun county on an enrolled judgment against M. D. Richardson, the execution being made returnable on January 19, 1931, to the justice court in which the judgment was rendered. During the month of December, 1930, the said Richardson was employed by Calhoun county at a salary of one hundred dollars per month; and on the fourth day of December, he secured from J. P. McCaslin ninety-five dollars, and delivered to the clerk of the board of supervisors an order to deliver to McCaslin the warrant for his December salary; and in a letter to McCaslin the clerk acknowledged receipt of the order, and promised compliance therewith. From an agreed statement of facts, upon which the cause was submitted on claimant's issue in the court below, it appears that on January 7, 1931, the execution was levied on the said warrant, it being further agreed that when the execution was levied the warrant in question had not been signed or sealed, and that "after the sheriff served the execution on the chancery clerk, the clerk then put the seal on and signed his name to the warrant." On the return day of the execution, the said J. P. McCaslin filed an affidavit claiming the war-

rant, and, upon issue thereon tendered by the plaintiff in execution, the cause was heard, and judgment entered in favor of the plaintiff in execution. On appeal to the circuit court, judgment was rendered in favor of the claimant, and, from that judgment, the plaintiff in execution prosecuted this appeal.

It will be unnecessary to here decide whether the order for the delivery of the warrant constituted an assignment thereof, or whether the execution was valid, although both questions are argued by counsel.

In the case of Bryan v. Henderson Hdw. Co., 107 Miss. 255, 65 So. 242, it was held that the lien of an enrolled judgment upon the property of a defendant does not extend to cover the right to receive or recover a debt. While in the case of Walden & Co. v. Yates, 111 Miss. 631, 71 So. 897, it was held that promissory notes, bills of exchange, and vouchers for the payment of money due, are not subject to judgment liens.

A county warrant is but a voucher for an indebtedness, Cleveland State Bank v. Exchange Bank, 119 Miss. 868, 81 So. 170, and it has no vitality until it leaves the hands of the county officer, and is delivered to the payee or his agent. 15 C. J. 601; State v. Pierce, 52 Kan. 521, 35 Pac. 19; Steffen v. Long, 165 Mo. App. 254, 147 S. W. 191; York County v. Thompson, 215 Pa. 578, 64 Atl. 781; American Bridge Co. v. Wheeler, 35 Wash. 40, 76 Pac. 534. Conceding for the purpose of the decision that the warrant would have been subject to levy as personal property of the payee, after completion of the issuance thereof by delivery, it had no vitality and was not subject to levy at the time the sheriff levied the execution and took it into his possession. This being true, the court below reached the right result in the judgment entered, and it will therefore be affirmed.

Affirmed.