BARHAM v. WHITE.

(Division A.  Oct. 29, 1934.)

[157 So. 465.  No. 31347.]

Herbert Holmes, of Senatobia, and Gerald Chatham, of Hernando, for appellant.

Dinkins & Floyd and **T. N. Gore,** both of Marks, for appellee.

Argued orally by **Herbert Holmes,** for appellant, and by **T. N. Gore,** for appellee.

**Cook, J.,** delivered the opinion of the court.

An execution was issued by the circuit clerk of Quitman county on an enrolled judgment in favor of the appellant, C. E. Barham, and against C. D. Williams. This execution was levied on a warrant of Quitman county, payable to the said C. D. Williams, which at the time of the levy was signed, sealed, and detached from the warrant book, ready for delivery to the payee, but still in the possession of the clerk of the board of supervisors

of said county. Thereafter, and before sale of the warrant under execution, the appellee, R. P. White, filed an affidavit claiming the said warrant as his property, and, upon issue thereon tendered by the plaintiff in execution, the cause was heard and judgment entered quashing the levy, on the ground that the warrant was not subject to levy prior to its delivery to the payee thereof.

The court below based this ruling upon language of the court in the case of Beckett v. McCaslin, 161 Miss. 557, 137 So. 519, 520, wherein the court said: "a county warrant is but a voucher for an indebtedness, Cleveland State Bank v. Exchange Bank, 119 Miss. 868, 81 So. 170, and it has no vitality until it leaves the hands of the county officer, and is delivered to the payee or his agent. (Citing authorities.) Conceding for the purpose of the decision that the warrant would have been subject to levy as personal property of the payee, after completion of the issuance thereof by delivery, it had no vitality and was not subject to levy at the time the sheriff levied the execution and took it into his possession."

Unless the language of the court above quoted is to be restricted, it appears to be controlling. The appellant urges as a distinguishing feature between that case and the case at bar that, in the Beckett case, the warrant had not been signed and sealed by the clerk at the time of the levy, while in the case at bar the warrant was complete with the exception of manual delivery to the payee; and it is argued that the allowance of the claim by the board of supervisors, and the subsequent signing and sealing thereof by the clerk, constitute such symbolical delivery thereof as will subject it to process against the payee. We do not think these cases can be distinguished on that ground. The Beckett case, supra, expressly held that a county warrant has no vitality and is not subject to levy until it leaves the hands of the county officer, and is delivered to the payee or his agent. Therefore, the judgment of the court below will be affirmed.

Affirmed.