# In Re: Appeal from Somerset Co. Auditors

*Thomas Jeffrey Cook*, for Objectants.
*William L. Kimmel* and *Kim R. Gibson*, for the County Commissioners.

KIESTER, *S.J.*, May 20, 1983—This case is before the court on a petition for appeal from the Somerset County Auditors Report for 1980. The appeal was filed by ten taxpayers. Answers to the petition were filed by the Auditors and the County Commissioners.

The taxpayers object to 76 items alleging that those items were improperly charged as expenses to Somerset County in 1980. The relief prayed for is that the County Commissioners be surcharged and the money refunded to Somerset County. The County Commissioners deny that the 76 items were other than lawful and proper expenses of the county.

By stipulation the record consists of that of the hearing conducted by the Somerset County Auditors on April 27, 1981 and the stipulation of specific items commencing with 1 and continuing through 76. Each item prepared by the Commissioners has exhibits attached and contains a face

sheet on which information as to each expense item is outlined.

A typical face sheet (Item No. 11) is attached.

Also, part of the record is a letter dated August 31, 1982 of Thomas J. Cook, Esq. attorney for petitioners in which he identifies the specific items between one and 76 to which objection is made. The oral argument of counsel on March 9, 1983 has been transcribed. In disposing of the objections the court will adopt in general the groupings of objectionable items as presented in the latter.

This is a case of first impression. There are statutes and there are cases stating general principles. There are no cases in point with the facts presented by these exceptions.

The facts are simplified in that the contested expenses were all incurred while the Somerset County Commissioners engaged in transactions related to county business. Much of the litigation across the nation has involved the question of whether the contested expenditure was made for a public purpose. That is not an issue in this case.

The principal issue as to each exception is whether the expense was proper and complied with the law. Although there may have been a legitimate public purpose this does not mean that exceptants agree that the expense was "necessarily incurred" as required by law or that it was properly documented. In examining the record the court will principally address two questions

1. Was the expense necessarily incurred?
2. Was the expense properly documented?

## THE LAW

As to expenses the General Assembly has provided

"Section 507. Expenses.—The county commissioners shall be allowed their expenses, necessarily incurred and actually paid, in the discharge of their official duties, or in the performance of any service, office, or duty imposed upon county commissioners." (Act No. 130 of 1955—County Code)

The only specific provision fixing and limiting the amount that can be paid is the mileage fee of .17 cents which applies to county commissioners, their employees as well as to others in state and local government. (Act No. 51 approved July 20, 1979)

The key words are "necessarily incurred." Websters New International Dictionary and Words and Phrases defines necessarily as unavoidable, indispensable, inevitable.

The intent of the legislature is not explained. What is clear is that what is necessary and indispensable to one person is a luxury to another. There is nothing more evident than the fact that what is a luxury in one generation becomes a necessity even to a welfare recipient in another generation. A necessity is not necessarily something that is indispensable and unavoidable. This has been decided by a variety of cases. Cases have interpreted what is necessary, necessary and proper, necessary and essential, reasonably required, reasonably necessary, authorized and what are and what are not public purposes depending on particular facts and circumstances.

Changing conditions of society including population, business, industry, transportation, communication, the sciences and government itself may determine from time to time what are expenses "necessarily incurred" in the transaction of government business.

There is a presumption that action taken by commissioners is proper. If county commissioners

spend county funds for a meal-time meeting with employees or others while transacting county business this is a discretionary matter.

Its wisdom is not subject to judicial review. The burden rests on the objector to show fraud, bad faith or abuse of power. This does not negate the burden that rests on the Commissioners to show that the funds wer legally disbursed. In re Auditors Report 245 Pa. 17 _____ Atl. _____, (1914).

The salary of a County Commissioner is fixed by an Act of Assembly. That salary can neither be increased nor decreased during the term of office. A county commissioner is not entitled to receive additional compensation for the performance of the duties of the office. This is basic law.

There is no suggestion in these exceptions that any of the meal-time meetings were called for the purpose of providing the Commissioners or others a free meal so as to increase their compensation.

Commissioners operate a multi-million dollar program with a large payroll, several departments and agencies and a requirement of many meetings. When a meeting is called and conducted on county business outside regular business hours, expenses "necessarily incurred" could reasonably include breakfast, lunch or dinner. Persons attending such meetings including commissioners, employees, volunteers, solicitors, county business invitees and others would normally expect the expenses including the cost of the meal to be paid by the county.

In the absence of bad faith or other evidence of abuse the meal expense would be "necessarily incurred."

Meal-time business meetings constitute a practical way of extending a busy work-day into another meeting that the schedule of one or another participant would not otherwise permit.

It is unlikely that county commissioners will schedule a meal-time meeting with the objective of obtaining a meal at public expense for themselves or others. A meal-time meeting may mean a sacrifice of time that would preferably be spent with family or friends; it may mean the sacrifice of a tasty and nutritious meal at home; it may result in the loss of needed rest, relaxation or exercise.

To deny commissioners reasonable expenses for meals for themselves, county employees and invited business guests, when, in the exercise of their discretion, they conclude that there are special circumstances and that it is important in the transaction of county business, would be unrealistic. Such a restriction would not be in the best interest of the people the commissioners represent. In a measure it would handicap a Board of Commissioners by withholding from them an accepted and often efficient means of expediting business.

Approximately 21 meal-time meetings occurred in 1980 with expenditures ranging from $7.32 for a 7:00 am working breakfast meeting with the County Solicitor to $225.31 for a dinner meeting with the Secretary of Community Affairs. Local borough and township officials attended the latter meeting which was concerned with flooding problems in the county.

Taxpayers displeased with such expenditures have their recourse at the polls. Such expenditures are proper and in Item 11 were expenses "necessarily incurred" in the transaction of county business.

## ITEMIZATION (Documentation)

In order for an auditor (controller) or a taxpayer to examine and determine if an expense was necessarily incurred and actually paid in the discharge of

official duties or in the performance of any service, or duty imposed, sufficient information must be set forth in the county records. The leading case on documentation or itemization states,

"Public officers should be held to a strict and rigid accountability (Godshalk v. Northampton Co., 71 Pa 324, 329), and payments made by them from public funds, for bills and expenses which the law directs to be itemized, cannot be allowed unless they are itemized and authenticated in such way as to permit check and verification." Susquehanna County Auditor's Report 180 Atl Rep 149, 153 (1935).

Statutory law provides that the county official or employee authorized by the county commissioners to attend a meeting, etc. must submit "an itemized account of his expenses thereat." Act of September 2, 1965, P.L. 482 (16 Pa.C.S.A. 446)

The itemization must be of such detail that the Controller, Auditor or citizen may know and understand the nature of the expenditure. For example an explanation of the mileage charge would be from X point to Y point _____ and return total miles _____ at _____ per mile. Turnpike tolls and parking charges would be itemized and explained. An identification of the persons, the number of meals, the cost and the receipt showing payment or charge would be adequate itemization in most cases. The record should be in sufficient detail to disclose the cost of the accommodations and the meals. Was it an American Plan arrangement? Although the expenditure was for a public purpose the law requires reasonable itemization. In the absence of itemization and explanation one may not determine from the record if the expense was necessarily incurred for a public purpose.

## MEAL EXPENSES WITHIN SOMERSET COUNTY

The court dismisses the objections of the taxpayers to the items which will not be discussed for the reason that the court finds that the records establish that these expenses were necessarily incurred and have been adequately documented or itemized.

The court sustains the objections to the following items:

| Item 11 | Insufficient itemization | 225.31 |
| Item 32 | Insufficient itemization | 47.68 |

As to items 11 and 32 there is lacking information as to the number of meals and the cost per meal or at the minimum the average cost per meal. In most situations those attending the meeting can and should be identified. If it is a group there should be indicated the number in the group. For a group it might be a good practice to have all members register in a guest book rather than to expect the auditor to accept as sufficient itemization a description of the group and the number in the group.

There is no merit to the objection to the payment for meals for county employees and others within Somerset County provided the commissioners determine that the expense is necessarily incurred in the transaction of county business. It is within the discretion of the commissioners to decide that the business could not be transacted within regular business hours and that it was important and necessary to schedule it at some other time.

Most of the items with explanation and bills or receipts attached permit a determination of the reason for the expenditure, the number of meals and the cost.

## MEALS OUTSIDE SOMERSET COUNTY

Item 26     Insufficient itemization     142.60

The record fails to furnish either the identity or the number of those from the coal industry in attendance at the meeting on January 31, 1980 at Laurel Highlands Lodge. The meeting itself related to the construction of a synthetic fuels plant.

Item 4     Insufficient itemization     353.40

The explanation is that the bill represents expenses of Commissioner Heist for three nights and four days while in attendance at a Soil and Water Conservation District Meeting at Pocono Manor on October 8, 1980.

There is lacking a sufficient itemization of this expenditure. The statement attached to the explanation is not decipherable.

Item 42     Not necessarily incurred     $5.30

The total bill is $242.80 and was charged on Somerset Counties "Master Charge." Commissioner Heist attended a coal seminar sponsored by Senator Heinz on November 12, 13, 14 and stayed at the Hyatt Regency Hotel, Washington, D.C. The explanation is that the bill is exclusively that of Commissioner Heist. The movie costing $5.30 is not an item properly chargeable to the County of Somerset.

Item 63     Insufficient itemization     272.79

This objection relates to the Bedford Springs Hotel bill for $1,137.92 June 8, 9, 10, 11 of 1981. The bill for Paul O'Connor was $165.84 (two days), Elizabeth Brant $255.42 (three days), Albert Hay $448.87 (three days) and Walter S. Heist $267.79 (three days).

The commissioners were attending an Economic

Development Conference conducted by the Southern Alleghenies Planning and Development Commission. Those persons mentioned stayed at the hotel at a rate of $65 a day American plan plus gratuities of $9.75 and tax. Elizabeth Brant was there representing the commissioners in the recreational area and as a member of the recreational committee of the commission.

Commissioner Hays testified that department heads, other personnel as well as individual invitees attended some of the sessions at the direction or invitation of the commissioners. This could understandably explain the additional food cost totaling $212.92 charged to Mr. Hay's room as well as the extra food totaling less than $50 charged on the bills of Commissioner O'Connor; Elizabeth Brant and Commissioner Heist.

There is insufficient itemization of these expenses for food. A list of those persons who attended the conference at the direction or invitation of the commissioners and whose food expense was paid by the county may be an acceptable itemization. Unless such information is provided the commissioners may be surcharged for the additional food expense.

Item 57    Gasoline    12.00

This is an improper expenditure in the absence of an explanation that a county owned vehicle was in use and the gasoline was purchased for that vehicle.

## TAXPAYERS OBJECTIONS TO THE PAYMENT OF ITEMS 1, 2 AND 76 ARE DISMISSED.

Item 1 and 2 were payments for the use of an employees' vehicle to deliver ballot boxes. Item 76 was the payment for the use of an employees' vehi-

cle to provide transportation and service to a bridge crew. Items 1, 2 and 76 are special contracts for the use of a vehicle to perform a county service. For that reason the commissioners were not limited to the .17 cents mileage fee authorized for personal transportation of county officers and employees while traveling on county business.

Doyle's Corollary printed in the Arthur Black daily calendar states:

"No matter how many reporters share a cab, and no matter who pays, each puts the full fare on his own expense account."

In examining the records we find no evidence of such a practice by the commissioners of Somerset County and none is indicated in any part of the 1980 audit. It was not the practice in Somerset County. It is of interest that on March 21, 1983 U.S.A. Today reported a study which showed the mileage cost in 20 cities ranged from 42 to 58 cents a mile. The high cost of operating a vehicle is the reason that employees prefer to travel in government owned vehicles. It is clear that the special contracts negotiated by the commissioners for use of employee vehicles were not in violation of Act 51 of 1979. It would further appear that each contract was a sound, reasonable business arrangement.

Based on the foregoing findings an order will be entered surcharging the Board of Commissioners of Somerset County the sum of $1,059.08 except as those items for which an acceptable explanation, and itemization or documentation is filed within 30 days.

## COMMENTS and RECOMMENDATION

A substantial number of the objections to 1980 expenses could have been avoided if the expenses

had been explained with reasonable specificity when request for payment or reimbursement was made.

The practice of using county charge cards is at least questionable. The receipt provided when a charge card is used does not provide the minimum documentation required by law. Since expenses must be authorized and approved by the Board of County Commissioners, it would seem that the better practice would be both to advance expense money and reimburse expenses upon proper written information and documentation.

The court recommends that the Board of County Commissioners adopt an expense report form which would include the purpose, the place, the dates, together with the cost of lodging, meals, gratuities and transportation. Receipts should be required for all expenditures except gratuities and parking. The report should be signed by the applicant and certified by the department head or a commissioner.

For a meeting involving a number of persons the bill or receipt should be accompanied by a statement of the purpose of the meeting, and the identity and number of those present in the absence of a listing of the guests. This report should be certified and approved.

The above is information on expenses to which the auditors and the public are entitled and which can generally be furnished without added cost to the county or trouble for the official or county employee.

## ORDER OF COURT

And now, May 20, 1983 the Board of Commissioners of the County of Somerset are granted a

period of 30 days to file further explanation, item-ization or documentation of the expenses totaling $1,059.08 listed in the foregoing opinion.

The exceptions made to other items are dismissed.

On or after 30 days from the above date the court will enter a final order.