# Jones *versus* Bomberger.

1. A recognisance for stay of execution is, so far as the bail is concerned, an original undertaking on his part to pay a certain sum of money to the plaintiff, on the occurrence of a certain contingency, without any reference to the suit in which it is entered, other than can be inferred from the recognition by it of the amount found thereby to be due from defendant to plaintiff.

2. A. furnished certain goods to B., a married woman, and received her check in payment therefor. Subsequently he obtained judgment against B. upon her check. C. thereupon, entered into a recognizance for stay of execution, conditioned for the payment of the "judgment debt with interest and costs." B. having failed to pay the amount of the judgment within the specified time, A. issued a *scire facias sur recognizance* against C. Afterwards the court, on application of B., set aside the judgment against her, on the ground that she was under coverture when the goods were furnished, and therefore incompetent to contract. *Held*, that notwithstanding the opening of the judgment, C. remained liable to A. upon his recognizance, the extension of time obtained constituting sufficient consideration to support his express promise to pay.

3. *Quere*, whether the same doctrine, will apply in a case where the judgment is founded upon no just or equitable claim.

March 17th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, J. J.

Error to the Court of Common Pleas of *Schuylkill county :* Of July Term 1880. No. 65.

This was a scire facias sur recognizance of bail for stay of execution, brought by E. B. Bomberger against Stephen Jones. Pleas, Nul tiel record, nil debet, payment with leave, &c.

On the trial, before PERSHING, P. J., the plaintiff gave in evidence, under objection, the record of a judgment obtained by him against Barbara Wadlinger, in an action of assumpsit upon three checks signed "B. Wadlinger per John Wadlinger, atty." Judgment against Mrs. Wadlinger was entered July 3d 1876, by default for want of an affidavit of defence, and damages assessed at $441.71.

On July 8th 1876, Stephen Jones was approved as bail for stay of execution, and executed the following recognizance, viz :

[Jones v. Bomberger.]

"I do hereby acknowledge to owe and to be indebted to the plaintiff above named in the sum of eight hundred and eighty-four dollars ($884), to be levied of my goods and chattels, lands and tenements, conditioned for the above judgment debt, with interest and costs, to obtain a stay of execution for the defendant according to law."

After the expiration of the stay of execution, to wit, on July 2d 1877, Barbara Wadlinger presented her petition and affidavit to the court, setting forth that at the time the cause of action accrued, and at the time suit was brought and judgment obtained, she was a married woman living with her husband John Wadlinger, and that the checks upon which suit was brought were not given for necessaries furnished for the support of herself and family, nor for other consideration for which she as a married woman could be held liable. That she was not a feme sole trader, under the Act of May 4th 1855, but she had filed her petition to have the control of her own earnings under the Act of April 3d 1872. She therefore prayed that the judgment against her and all proceedings thereunder be stricken from the record. The court granted a rule to show cause, and after hearing made the rule absolute on August 20th 1877, and set aside the judgment.

The defendant, in several points, requested the court to charge substantially as follows: that the judgment against Mrs. Wadlinger was void *ab initio*, and having been set aside as such by the court, was a nullity, that the recognizance of bail for stay of execution was unauthorized and void; that even if the recognizance were originally valid it was conditioned for the payment of the "judgment debt, interest and costs" in a void judgment, and the setting aside of the judgment barred the plaintiff's right of recovery in this action with like effect as if the original judgment had been paid; that there being now no "judgment debt" in existence the condition of the recognizance is satisfied and the verdict should be for the defendant.

The court declined to affirm the defendant's points (except that the judgment against Barbara Wadlinger was void and had been set aside by the court), and instructed the jury to find for the plaintiff.

Verdict accordingly for the plaintiff for $540.35, and judgment thereon.

The defendant took this writ of error, assigning for error the admission in evidence of the record of the judgment against Barbara Wadlinger, the refusal of his points and the instruction to find for the plaintiff.

*David A. Jones* (with him *Seth W. Geer*), for the plaintiff in error.—The effect of the order of the court making absolute the rule "to show why the judgment *and all proceedings thereunder*

1 OUTERBRIDGE—28

[Jones *v.* Bomberger.]

. should not be set aside and stricken from the record," was to set aside and strike from the record the recognizance as well as the judgment. The judgment having been absolutely void, the act of the prothonotary in taking the recognizance was unauthorized, and the recognizance was a nullity: Dorrance *v.* Scott, 3 Whart. 309 ; Caldwell *v.* Walters, 6 Harris 79 ; Stone *v.* Bird, 1 Leg. Chron. 388. The proceeding on the recognizance by scire facias is in the nature of execution process on the judgment : Bac. Abr., tit. *Scire Facias ;* Respublica *v.* Cobbet, 2 Yeates 362 ; Bodine *v.* Commonwealth, 12 Harris 71. This is apparent from the writ itself, which recites the judgment against the principal, that "she hath not satisfied the said plaintiff," and "because we are willing that those things which, in our said court, are rightly done, *should be demanded by due execution*, we command you," &c.

Upon a scire facias against the bail, the bail can plead payment by, or a release to, the principal, and "a reversal of the original judgment against the principal is a good plea:" Brightly's Tr. & H. Pract., vol. 2, 262, sect. 2031; Ranck et al. *v.* Becker, 12 S. & R. 427 ; Eldred *v.* Haslett's Adm'r., 2 Wright 32 ; Marsh *v.* Consolidation Bank, 12 Id. 510 ; Bac. Abr., tit. *Scire Facias.*

The law of principal and surety applies, and the discharge of the principal from liability operates as a discharge of the bail : Patterson *v.* Swan et al., 9 S. & R. 16 ; 1 Tr. & H. Pract., sect. 1040 ; Morrison *v.* Hartman, 2 Harris 55.

The authorities relied on by the other side were cases where there was either a valid subsisting judgment against the principal, or where persons *sui juris* had joined with married women in obligations, either as principals or sureties, and they are not applicable to this case.

If the plaintiff claimed to recover on a promise made by the defendant in consideration of the moral obligation of the married woman to pay her *debt*, he should have so declared, and have given some evidence of a *debt* due by her. He contented himself, however, by giving in evidence the record of the void judgment alone.

*J. W. Roseberry*, for defendant in error.—The obligation of the surety for stay of execution was an agreement with the court, that if the court would give the defendant nine months' time to pay the debt, as ascertained by the judgment, and if at the expiration of that time she failed to pay the debt, interest and costs, he would pay the same. The Act of March 20th 1845, relating to bail for stay of execution provides that the bail shall be "in double the amount of *debt* or *damages*, interest and costs recovered, conditioned for the payment *thereof*, in the event that the defendant fails to pay the same at the expiration of the stay of execution." The law and the obligation demand the payment of the *debt* not

[Jones v. Bomberger.]

the *judgment.* The surety confessed the validity of the judgment, and the fact that it has since been held void as to the married woman defendant on a technical ground, does not release him. The *debt* remains unpaid, and the moral obligation of a married woman to pay her debt is a sufficient consideration to support the promise of a third person to secure the same: Leonard *v.* Duffin, 9 W. N. C. 155; Shallcross *v.* Smith, 31 P. F. Smith 132; Unangst *v.* Fitler, 3 Norris 135; Rank *v.* Becker, 12 S. & R. 426. The discharge of the principal by operation of law, and not by the act of the creditor, does not discharge the surety: De Colyar on Principal and Surety 401.

But the bail for stay of execution is not a surety in the ordinary acceptation of the word. The recognizance is an absolute, original and independent contract with the court, irrespective of any proceedings against the principal debtor. The process to enforce it is not a continuation of the proceedings on the judgment, but is a collateral and independent action by scire facias, which is original process: Gould *v.* Breese, 2 Luz. Leg. Obs. 186; King *v.* Blackmore, 22 P. F. Smith 350. Jones having voluntarily entered into his recognizance, whereby he obtained time for the defendant and hindered and delayed the plaintiff, cannot now deny his obligation.

Mr. Justice MERCUR delivered the opinion of the court, May 2d 1881.

This is a scire facias sur recognizance against the plaintiff in error as bail for stay of execution on a judgment against Barbara Wadlinger. It was conditioned for the payment of the "judgment-debt, with interest and costs." During the time the execution was stayed by virtue of this recognizance no part of the judgment was paid. At the expiration thereof the plaintiff in error, by the condition of his recognizance,. and by force of the statute, became legally bound for its payment.

The Act of 20th March 1845 declares "the bail in all cases, where bail is now required for the stay of executions, shall be bail absolute, with one or more sufficient sureties, in double the amount of the debt or damages, interest and costs recovered, conditioned for the payment thereof in the event that the defendant fails to pay the same at the expiration of the stay of execution."

The defence to a recovery on this recognizance is that, after the scire facias issued, Barbara Wadlinger applied to the court, showing she was a married woman when the judgment was recovered against her, and that the claim on which it was founded was not for necessaries, nor for a consideration that would render her liable to suit under the Acts of Assembly, and by reason thereof the judgment and all proceedings thereunder were set aside and stricken from the record. The contention is whether striking off the judg-

[*Jones v. Bomberger.*]

ment at the time it was done and for the cause stated released the plaintiff in error from all existing liability on. his recognizance.

A recognizance is an obligation of record. When entered into to secure a stay of execution it is a new and distinct agreement to pay on failure of the former debtor. So far as the bail is concerned, it is an original undertaking, independent of all questions considered in the trial or determined thereby, save only a recognition of the amount found due. It is an obligation which the law permits the bail to assume without consent of the creditor, and against his wish. It becomes absolute on the happening of the contingency specified therein. It is so distinct from the judgment that proceedings may then be instituted thereon at once without first resorting to the defendant in the judgment.

It was urged that the obligation is conditioned for the payment of the judgment, and if that be afterwards stricken off or declared to be void, all liability on the recognizance is thereby discharged. It will be observed the Act of 1845, defining the liability of bail for stay of execution, does not declare the bail shall be conditioned for the payment of the judgment, but for "the debt or damages, interest and costs recovered." So the recognizance taken is conditioned for the payment of the "judgment-debt." It is a debt, the amount of which has been ascertained and fixed by the judgment, but it is nevertheless a debt. The obligation on the part of the bail is a contract to pay the debt which has thus been ascertained. For some purposes a distinction between the debt and the judgment is a narrow one ; yet the Act of Assembly appears to have purposely specified the former and not the latter. In other cases it. is very clear the distinction may be a wide one. The debt may be just and equitable in every respect, yet the judgment may be so defective, by reason of either improper service or errors in trial, that it might be reversed. If the defendant in the judgment is satisfied with its justice and assents to its confirmation, if a third person then steps in and agrees if execution be stayed for a specific time he will pay the debt at the expiration thereof, and execution be thereupon stayed by reason of his promise, and his liability has become absolute, no principle of equity will relieve him from his obligation on showing that by reason of personal disability of the defendant the judgment ought not to have been rendered, and that afterwards, on the ground of personal privilege, it was stricken off. It is not alleged that Mrs. Wadlinger did not buy goods to the full value of the debt claimed, nor that she did not receive and enjoy the same. The vendor parted with his property, and she received it under a moral obligation on her part to pay for it. The fact that by reason of her coverture she could not be legally compelled to pay, did not prevent the plaintiff in error from becoming legally bound for its payment. Her moral obligation to pay, and the extension of time obtained constituted a sufficient

[Jones v. Bomberger.]

consideration to support the express promise of the plaintiff in error to pay: Leonard *v.* Duffin, 9 W. N. C. 155; Unangst *v.* Fitler, 3 Norris 135. Although the married woman may not be legally bound, yet the security can be. The rule and the authorities applicable to cases where there is no just or equitable claim, are inapplicable to the facts of this case.

When the judgment was obtained against Mrs. Wadlinger, and she procured bail for stay of execution, she gave the strongest evidence of a liability to pay without objection. Had not the plaintiff in error then intervened, the presumption is, execution would have issued and the money been made. Having thus postponed the exercise of a valuable right, he has shown no equity sufficient to discharge his liability.

Judgment affirmed.