# Appeal from Report of Auditors of Dunmore School District—Ralph Winters, Appellant.

*Practice, Common Pleas—Taxpayer's appeal from report of auditors of school district—Bond—Amendment—Act of May 21, 1913, P. L. 288.*

1. A taxpayer should be permitted to file an amended bond after the expiration of the time for taking an appeal, on an appeal to the Court of Common Pleas from the report of the auditors of a school district, where the original bond or recognizance which was filed in ample time, was defective in form but was in substantial compliance with the terms of the statute and had been approved by the court, especially as no definite time is fixed by the statute for the filing of the bond.

Moritz's Contested Election, 256 Pa. 537, distinguished.

2. It is the declared policy of the law that where a question arises as to accounts of a public officer, it is to the interest of the public that no unnecessary obstacle should be placed in the way of making a proper investigation of these accounts.

Argued July 17, 1918. Appeal, No. 40, Jan. T., 1918, by Ralph Winters, from judgment of the C. P. of Lackawanna Co., October T., 1916, No. 187, dismissing a taxpayer's appeal from report of auditors of school district of Borough of Dunmore. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Reversed.

Motion to quash appeal for want of proper bond. Before NEWCOMB, J.

The facts appear in the opinion of the Supreme Court.

The court quashed the appeal.

*Errors assigned* were orders of the court denying a motion to amend and making absolute the rule to dismiss the appeal.

W. L. Hill, of *Knapp, O'Malley, Hill & Harris*, with him *George Morrow, Robert J. Murray*, and *O'Briaen & Kelly*, for appellants.

*M. J. Martin,* with him *M. J. Murray, Clarence Balentine* and *David R. Reedy,* for appellees.

OPINION BY MR. JUSTICE FOX, October 7, 1918:

The auditors of the school district of the Borough of Dunmore, Lackawanna County, filed their report in the Court of Common Pleas of that county on the fifth day of December, 1916. On the fourth day of January, 1917, Ralph Winters, a taxpayer of the school district (the present appellant) filed an appeal from this report to the Court of Common Pleas of Lackawanna County. On the same day that he took the appeal Mr. Winters filed in the court an obligation which was called a bond, but which was in form a recognizance. It was given by Ralph Winters, the appellant, and the Globe Indemnity Company of New York as surety, and they acknowledged themselves to be indebted to the school district of the Borough of Dunmore in the sum of five hundred dollars. The obligation recites that Mr. Winters has taken an appeal from the report of the auditors, and the condition of the obligation is that he will prosecute the appeal with effect, and pay all costs which may accrue in case he may fail to obtain a final decision more favorable to the school district of Dunmore. Mr. Winters did not attach a seal to his signature. The paper was, however, executed by the Globe Indemnity Company, a corporation, and the corporate seal was attached. This paper was presented to the court on the same day on which the appeal was taken, and the court endorsed the paper, "This bond is approved by the court." Nothing further was done in the matter of the appeal until the third day of August, 1917, when counsel for the appellant entered a rule to take depositions to be read in evidence on the hearing of the appeal. On the ninth day of August, 1917, Thomas F. Harrison, the intervenor, who is the treasurer of the school district and whose accounts were attacked by the appellant, presented a petition to the court to quash the appeal, assigning a number of reasons for his motion to

quash, and among others "that there was no recogni-
zance filed or entered into by the appellant as required by
law." Another reason was "An alleged bond was filed
which was not in accordance with the requirements of
the act of assembly regulating the requirements in such
cases in that it was not signed by two sureties, nor that
it was approved by the court, nor was the amount fixed
by the court, nor is there any provision in the law for the
giving of a bond." It will be observed, therefore, that
both the appellant and appellee were under the mistaken
impression that a recognizance should be filed and not
a bond. No question was raised at the time of the motion
to quash as to the irregularities in the execution of the
recognizance or bond which was filed upon the taking of
the appeal in so far as it related to the lack of a seal.
This was a natural mistake because the Act of 1878
regulating appeals from auditors' reports and the Act of
1911 relating to the same subject both provide that a
recognizance and not a bond should be entered into in
case of an appeal, but it was not until 1913, when the
present school code was adopted, that a provision was in-
serted for the filing of a bond instead of a recognizance.

Subsequently, on the fourteenth day of August, 1917,
Harrison, the appellee, having discovered his mistake,
moved to amend the petition to quash, and on the follow-
ing day, August fifteenth, Winters, the appellant, pre-
sented a petition asking the court to approve a bond
which had been prepared and executed by Ralph Winters
as principal and the Globe Indemnity Company as sure-
ty. This bond was in proper form, properly sealed by
Ralph Winters, and containing the conditions prescribed
by the Act of May 21, 1913, P. L. 288.

The learned judge of the court below in an opinion
filed September twenty-fourth, 1917, refused to permit
the filing of the amended bond on the ground that the
original paper filed was not a bond owing to a lack of a
seal by the principal in the bond, and that therefore
there was not a compliance with the provisions of the

act of assembly requiring the filing of a bond. The lower court further decided that it was too late to permit the filing of a bond in support of the appeal which had been taken, resting his opinion on the authority of Moritz's Contested Election, 256 Pa. 537.

The Act of May 21, 1913, P. L. 288, provides that any school district, or any taxpayer thereof, on behalf of the district, may appeal from any auditors' report within thirty days after said report has been filed in the Court of Common Pleas of the proper county. It further provides "Any taxpayer taking an appeal shall file in said Court of Common Pleas a bond, with one or more sufficient sureties, conditioned that the party appealing will prosecute said appeal with effect, and that the said party will indemnify and save harmless said district from all costs that may accrue upon said appeal." It will be observed, therefore, that the provisions of the act are not specific as to the time when the bond must be filed. It may be implied that the filing of the bond is to be coincident with the taking of the appeal, but the legislature did not declare in exact terms that the bond must be filed on the taking of the appeal. In the same section it is also provided that when an officer of the district is surcharged in the auditors' report with any amount and takes an appeal, a taxpayer may come into court and intervene in said appeal and prosecute the appeal to final judgment on behalf of the district, and in this instance it is specifically provided that the taxpayer shall, at the time of intervening, file in said court a bond. It may fairly be argued, therefore, that where the legislature in one case fixed the time for the filing of the bond and did not in the other it did not intend that it should be filed at the time of taking the appeal in the other instance or it would have said so. The act of assembly under consideration in Moritz's App., supra, is the act relating to contested elections. It is the Act of April 28, 1889, P. L. 118, and after providing for the filing of the bond within ten days after the filing of the petition

to contest an election this language is used: "And if the said bond shall not be filed as herein provided said petition to contest the election shall be dismissed." It is obvious, therefore, that in the case of a contested election there is no alternative. The mandate of the statute is clear. If the bond is not filed within the time specified in the act there is no room for the exercise of discretion and the amendment could not be permitted. The Moritz case, therefore, was properly decided, but we feel that the case at bar can be, and ought to be, distinguished from it without in any degree weakening the force of that decision. In Womelsdorf v. Heifner, 104 Pa. 1, which was the case of an appeal from the judgment of a justice of the peace, a defective recognizance was filed and a motion to amend was denied by the lower court. Chief Justice PAXSON said in reversing the judgment: "Where an appeal has been taken in good faith and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal. So where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury. The books are full of such cases." In Bell v. Allegheny County, 149 Pa. 381, the Act of June 12, 1878, P. L. 208, was under consideration. This was a suit brought to recover salary as a county treasurer, and the question which arose was as to the right of ten taxpayers of the County of Allegheny to appeal, and this court said: "The Act of June 12, 1878, P. L. 208, provides that any ten taxpayers, of any county in this Commonwealth, may prosecute any suit or action in behalf of such county, or defend it in any suit, process, or action. If there exists any reason for such a statute, and of that the legislature are the proper judges, it ought surely to be most liberally construed."

In re Auditors' Report, 245 Pa. 17, Mr. Justice MESTREZAT said "When taxpayers are compelled to invoke the authority of the act to secure an investigation of

the official conduct of public officers charged with the administration of the fiscal affairs of the county, the court should not be astute in finding technical reasons to defeat the purpose."

It is, therefore, the declared policy of the law that where a question arises as to the accounts of a public officer it is to the interest of the public that no unnecessary obstacle should be placed in the way of making a proper investigation of these accounts. Where, as in this case, a paper was filed, which was in form somewhat defective, but nevertheless a substantial compliance with the terms and provisions of the act of assembly, and this so-called bond was approved by the court, we are of the opinion that an amended bond should have been permitted to be filed. The fact that no definite time is fixed in the act for the filing of the bond would under these circumstances justify the court in permitting the amendment asked for. In the case of Hanhauser v. Pennsylvania and New England Railroad Company, 222 Pa. 240, where an appeal to this court was taken in ample time under the statute, we permitted the filing of the bond subsequent to the day upon which the right to appeal expired, holding that as no time was fixed in the Act of May 19, 1897, P. L. 67, within which such a bond must be given and approved that it was proper to permit the filing of the bond after the expiration of such period. By a parity of reasoning in the present case, the filing of the bond in support of the appeal to replace, substitute or amend the original bond or recognizance (which was filed in ample time), should have been allowed, and the appeal thus perfected.

The judgment is therefore reversed, the record remitted, with a procedendo; the court directed to approve the bond heretofore offered for approval, and the appeal is reinstated.