

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 10, 1957

Honorable Noah Kennedy, Jr.      Opinion No. WW-154
County Attorney
Nueces County              Re:  Must the County Treasurer
Corpus Christi, Texas            upon demand of the County
                            Auditor permit the Auditor
                            to remove the cancelled
                            bond books, cancelled bonds
                            and coupons used daily by
                            the Treasurer from the
                            Treasurer's office to the
                            office of the County Audi-
Dear Sir:                   tor?  And related questions.

        Your opinion request of May 22, 1957, presents the
following questions:

      "1.  Must the County Treasurer, upon demand
of the County Auditor, permit the Auditor to re-
move the cancelled bond books, cancelled bonds
and coupons used daily by the Treasurer from the
Treasurer's office to the office of the County
Auditor, or can the Treasurer insist that the
check be made in the Treasurer's office, in order
that the records and cancelled bonds and coupons
not be removed from the Treasurer's office?

      "2.  Should the County Auditor demand that
the bank statements and cancelled checks of the
County's operating funds from the County deposi-
tory be given to him first, and the Auditor exam-
ine them and deliver them to the County Treasurer
for posting, or should the Treasurer receive such
statements and cancelled checks from the deposi-
tory, post them and then submit them to the County
Auditor for examination?

      "3.  Who is the custodian of the County's
securities that are kept in a lock box at the
County depository, the Auditor or the County Treas-
uere?"

        The general duties of the County Auditor are set forth
in Articles 1651-1656, inclusive, of Vernon's Annotated Civil
Statutes.

688

The general duties of the County Treasurer are set forth in Articles 1709-1714, inclusive, of Vernon's Annotated Civil Statutes.

The County Auditor, by the statutes referred to above, has the duty of closely examining all the books and other records of the County Treasurer at least once in each quarter, the statutes specifying with particularity how certain phases of the examination shall be conducted; and the County Treasurer, by Article 1653, Vernon's Annotated Civil Statutes, is charged with the duty of giving the County Auditor "continual access" to the records kept by the County Treasurer. "Continual access" means that the County Auditor may be present in the office of the County Treasurer at all times when that office is open.

The County Auditor makes the final check on the receipt and disbursement of County funds. His examination should be an unfettered one. Dictum in Appeal of Winters, 262 Pa. 322, 105 Atl. 293 (1918) states:

> "It is therefore the declared policy of the law that, where a question arises as to the accounts of a public officer, it is to the interest of the public that no unnecessary obstacle should be placed in the way of making a proper investigation of these accounts."

There is no statutory provision authorizing the County Auditor to remove the cancelled bond books, cancelled bonds and coupons from the Treasurer's office to the office of the County Auditor over the objection of the County Treasurer who is charged with their custody. Without authority or permission of the County Treasurer these items may not be removed.

Bank statements and cancelled checks are a record of the transactions between depositor and depository. The depositor, here the County Treasurer, is the only one entitled to receive this record. An audit is a systematic examination of a set of records. The Auditor has not the right to receive the bank statements and cancelled checks direct from the depository.

Article 1712, Vernon's Annotated Civil Statutes, states that the County Treasurer ". . . shall deliver the . . . securities. . . of the county in his hands . . . to his successor in office. . . ." Kempner v. County of Galveston, 73 Tex. 216, 11 S.W. 188 (1889) holds that "These articles (referring to the present 1712, V.A.C.S. and associated articles) are sufficient to show, as we think, that it was contemplated that the County Treasurer should be the custodian of the securities belonging to the school fund of the county."

By similar reasoning the County Treasurer is the custodian of all securities belonging to the county, since the custodian would be the proper person to deliver the county's securities to the Treasurer's successor.

### SUMMARY

The County Auditor may not remove the cancelled bond books, cancelled bonds and coupons from the office of the County Treasurer to his own office over the objections of the County Treasurer. The County Auditor may not demand the bank statement and cancelled checks of the county's operating fund direct from the county depository. The County Treasurer is the custodian of the county's securities, kept at the county depository.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
John R. Lennan
Assistant

JRL:wam:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
J. W. Wheeler
Richard Wells
Byron Fullerton

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Geo. P. Blackburn