## Commonwealth v. Michael

*David H. Moskowitz*, for appellant.
*Edwin N. Popkin*, for School District.

BODLEY, J., June 18, 1968.—Clarence R. Michael, petitioner here, is the parent of Diane Michael, the subject of the proceedings below. The record reveals that Diane was born December 15, 1952, and is a ninth grade student in the Bristol Township School District. Diane was absent without legal excuse on numerous school days during the fall semester of 1967-1968 school term. As a result, the school authorities schedduled several conferences with Diane's parents, but petitioner, Clarence R. Michael, refused to attend. Thereupon, the school authorities instituted these proceedings under the appropriate provisions of the Public School Code of 1949.

The code provides sanctions for failure to comply with the compulsory attendance requirements in the following language:

"Every parent, guardian, or person in parental relation, having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act regarding compulsory attendance, shall on summary conviction thereof, be sentenced to pay a fine. . . . " Act of March 10, 1949, P. L. 30, art. XIII, sec. 1333, 24 PS §13-1333.

This section then provides for a right of appeal:

". . . Any person sentenced to pay any such fine may, at any time within five (5) days thereafter, appeal to the court of quarter sessions of the proper county, *upon entering into a recognizance, with one or more proper sureties, in double the amount of penalty and costs. . . .* " (Italics supplied.)

The limitation relating to recognizance is incorporated into the right of appeal.

The complaint was filed with the issuing authority on November 15, 1967. A hearing was held on December 11, 1967,[1] following which defendant was found guilty and fined $56 with costs assessed at $11, a total of $67. On December 14, 1967, defendant filed his petition for appeal with the clerk of quarter sessions. By order dated January 5, 1968, this court allowed the appeal, though it would appear that allowance was not required, and directed that a recognizance in the sum of $67 be filed. On February 2, 1968, defendant filed what was termed a "bond" which recited the posting with the clerk of quarter sessions of the sum of $67 in cash, without, however, setting forth any condition for payment of that sum to the Commonwealth. The solicitor for the school district then filed a motion to strike the appeal alleging that defendant's failure to enter into a "recognizance, with one or more proper sureties, in double the amount of penalty and costs" within the five-day period allowed vitiated the appeal effort.

Defendant contends that since the order allowing his appeal requires a recognizance in the sum which was in fact posted, he has sufficiently perfected the appeal by filing his "bond". In the alternative, defendant urges that, in any event, having paid the fine and costs and having deposited the same amount

---

[1] The transcript of the justice of the peace indicates that the hearing was held on December 19, 1967. However, the appeal avers the correct date to be December 11, 1967.

with the clerk, he has met the statutory requirement. We cannot agree since the right of appeal involved here is a statutory one, and the statute must govern.

The court, in Gable v. Chintala, 80 York 201, 202 (1967), considered the legal effect of a cash deposit where a recognizance was required to perfect the appeal. Involved there was the Act of June 16, 1836, P. L. 715, sec. 27, as amended, 5 PS §71.

" . . . The general rule seems to be that enunciated by the early cases of Koenig v. Bauer, 57 Pa. 168 (1868), and Kerr v. Martin, 122 Penna. 436 (1888). It was there stated that 'the proper course when the recognizance of an appellant is *defective or invalid* (as distinguished from not being filed at all), is not to dismiss the appeal, but to rule him to amend or perfect it . . . ' (emphasis and parenthetical statement added)."

The court held, and we believe, correctly, that where *no* recognizance is filed within the appeal period, the court is without power to allow a recognizance to be filed for the first time after the expiration of the statutory appeal period.

The court then went on to say, at pages 202-203, in language which we here adopt as it applies to our problem:

"Here it is clear that additional defendant did not in fact file a recognizance as required by the Acts of 1836 and 1845, supra. He argues that the depositing with the Prothonotary of a sum equal to twice the amount of the costs was the equivalent of filing a recognizance. This simply is not so. A recognizance is a contract of suretyship. Com. v. Hill, 180 Pa. Superior Ct. 430 (1956). It has also been defined as an *obligation* which becomes absolute on the happening of the contingency specified therein, Jones v. Bomberger, 97 Pa. 432 (1881), and as 'an obligation of record, which a man enters into before some court of record, or

magistrate duly authorized, with condition to do some particular act (citing Blackstone) . . . ' McMicken v. Com., 58 Pa. 213 (1868). It is perfectly clear that while the appellant here placed with the Prothonotary money which he may have intended could be used to satisfy any ultimate liability on his part, he has neither entered into nor been bound by any contract or obligation which defined the amount of such liability or when it becomes due. Should the appellant be unsuccessful on appeal, there is no legally enforceable right on the part of any of the parties or the Prothonotary to apply appellant's deposit to payment of the costs to which he should have bound himself by a recognizance".

Here, as in the Gable case, supra, appellant has filed no recognizance whatsoever within the five-day period prescribed, and he may not now do so after the appeal period has expired. It is a settled principle of law that the requirements specified in a statutory right of appeal are conditions precedent to the perfecting of an appeal: Madrid Motor Corporation v. Cashan, 206 Pa. Superior Ct. 383 (1965).

It should be noted in passing that the order allowing the appeal and fixing the amount of the recognizance was drafted by counsel for appellant. Unlike the usual appeal from summary convictions, under 19 PS §1189, allowance of appeal was unnecessary in this instance; yet, when such ex parte application is made, the court is entitled to rely upon the draftsmanship of counsel. Were it otherwise, the work of the court could not go forward with dispatch. That this appeal must fall because of its technical deficiencies is regrettable, but we deem the perfection of an appeal to be the obligation of counsel, not that of the court.

## ORDER

And now, to wit, this June 18, 1968, the application of the School District of Bristol Township to strike

defendant's appeal is hereby granted and the appeal is stricken from the record.