**Lefcourt Appeal**

*Samuel Glantz,* for appellant.
*Edwin N. Popkin,* for respondent.

BODLEY, J., February 5, 1970.—The auditor for the School District of Bristol Township, in its audit report for fiscal 1967-1968, surcharged the district's tax collector, Harold Lefcourt, for alleged loss of interest upon sums collected but delayed in remittance to the district. Mr. Lefcourt appealed from the imposition of the surcharge and the matter is now before the court upon the school district's motion to quash the appeal.

The only question before the court is whether or not the appeal, which admittedly was timely taken, should be quashed by this court because of appellant's failure to file his appeal bond within the 45-day period fixed by the statute for the taking of the appeal. The following is the chronology of events which brought the matter before the court upon brief and argument:

December 2, 1968. Audit report filed.

December 23, 1968. Appeal of Harold Lefcourt filed.

January 3, 1969. Order of Court filed fixing amount of appeal bond (erroneously termed "recognizance").[1]

January 21, 1969. Recognizance bond [sic] in the sum of $150.00 filed.

---

[1] For the historic difference between a bond and a recognizance, see Jones v. Bomberger, 97 Pa. 432 (1881); McMicken v. Commonwealth, 58 Pa. 213 (1868); Bouvier's Law Dictionary, 3rd Rev.: Bail; Bond; Recognizance.

February 23, 1969. Motion to strike appeal filed.

March 4, 1969. Answer to motion filed.

It will be noted that the appeal bond was filed on the fiftieth day following the filing of the audit on December 2, 1968. The Public School Code of 1949, sec. 2451, 24 PS §24-2451 provides in pertinent part:

". . . Such appeal shall be taken to the court of common pleas . . . within forty-five (45) days after said report is filed in the court of common pleas . . . When any person or persons charged with any sum of money in any such report of auditors shall appeal therefrom, such person or persons shall file in said court a bond with one or more sufficient sureties conditioned to prosecute the appeal with effect, and to pay all costs accruing thereupon if the final decision obtained shall not be more favorable to him than the report appealed from."

It will be observed that although the statute requires that the appeal itself be filed within the 45-day period, no such time limitation is placed upon the filing of the appeal bond. However, the school district maintains that a proper interpretation of this statutory provision requires this court to determine that the filing of the bond within the time set for appeal is a condition precedent to a valid appeal and that, appellant not having done so, the court is without jurisdiction to hear the matter. We disagree with this position.

The general rule is that an appeal must be taken within the statutory time limit. Absent fraud or negligence on the part of the court itself or a court official, if not timely filed, it will be quashed. The court has no power to extend the mandate of a statute in this respect: Gay Unemployment Compensation Case, 172 Pa. Superior Ct. 200, 201 (1952); Wallace v. Commonwealth, 425 Pa. 210 (1967). Except insofar as the right of appeal has been made a matter of right under article

V, sec. 9, of the Pennsylvania Constitution, such right is specifically conferred by statute. Even where the right of appeal derives from the Constitution, the procedures for filing and perfecting appeals are fixed by statute. See for example, the Minor Judiciary Court Appeals Act of December 2, 1968 (Act No. 355) and effective January 1, 1969, 42 PS §3001-3009.

Certain of the statutes dealing with appeals specifically require the posting of the bond or recognizance within the appeal period as an integral part of the appeal itself, as in the case of the Minor Judiciary Court Appeals Act, supra, sec. 3(c), and the Arbitration Act of June 16, 1836, P. L. 715, as amended, 5 PS §71. In each of these acts, the recognizance is specifically required to be filed within the time limitation set for the appeal. Where such a statutory provision exists, the legislative mandate must be strictly adhered to. See W. W. Grainger, Inc. v. Ruth, 192 Pa. Superior Ct. 446, 449 (1960), which dealt with an appeal from the judgment of an alderman. The court there pointed out that the Act of March 20, 1810, P. L. 208, sec. 4, 42 PS §923, *required* the entry of bail within the 20 days following judgment. See also Madrid Motor Corporation v. Cashan, 206 Pa. Superior Ct. 383 (1965), to the same effect where the statute (the Arbitration Act, supra), made the payment of record costs a condition precedent to the appeal and, hence, mandatory within the appeal period.

But where all that is required by the statute is the filing of the appeal itself within the time limitation, the court acquires jurisdiction and, absent prejudice, the taking of post-appeal procedural steps leading toward the perfection of the appeal must be accomplished merely within a reasonable time. Hence, if the court once acquires jurisdiction under the particular statute involved, such jurisdiction is not divested by reason of the late procedural perfection of the appeal.

2 P. L. Encyc., Appeals, §221. See 14 Standard Pa. Practice for a general discussion of the same subject matter as it relates to eminent domain proceedings, at pages 563-66. See also Miller Estate v. Department of Highways, 424 Pa. 477 (1967), and the related discussion of this court in Metropolitan Edison Company v. Wurm, 17 Bucks 534 (1968).

Counsel for the school district cites Fayette County Controller's Report, 20 D. & C. 2d 567 (1959), as a case exactly on point and controlling in the instant case. That case involved a taxpayers' appeal from a county controller's report. The court found that the document filed by the taxpayers on the last day of the appeal was not, in fact, an "appeal," but rather merely a petition seeking leave to appeal. The Fayette County court, however, went on to consider the County Code, Act of August 9, 1955, P. L. 323, sec. 2805, 16 PS §2805, and in dicta stated that the "recognizance is an integral part of the appeal," although the section of the code there involved merely required that the appeal be filed within 90 days of the filing of the controller's report, and then went on to provide for the filing of a recognizance without placing a time limitation thereon. As pointed out, the court's reference to the recognizance was mere dictum in view of its having determined in the first instance that no appeal had been filed, and we cannot accept the language found in the report of that case as controlling here.

More nearly to the point, we believe, is the case of Winter's Appeal, 262 Pa. 322 (1918), cited in the school district's brief. The court there considered the Act of May 21, 1913, P. L. 288, 24 PS §2451-2453, providing for a taxpayer's appeal from the report of the auditors of a school district. The language contained in the act which is pertinent to our discussion was:

"Any taxpayer taking an appeal shall file in said court of common pleas a bond, with one or more sufficient sureties, conditioned that the party appealing will prosecute said appeal with effect, and that the said party will indemnify and save harmless said district from all costs that may accrue upon said appeal."

This language is almost identical with that found in the present Public School Code of March 10, 1949, P. L. 30, sec. 2451, 24 PS §24-2451, and in each instance the language is separate from and follows the time limitation for filing the appeal itself. The court in Winters, at page 325, stated:

"It will be observed, therefore, that the provisions of the act are not specific as to the time when the bond must be filed. It may be implied that the filing of the bond is to be coincident with the taking of the appeal, but the legislature did not declare in exact terms that the bond must be filed on the taking of the appeal."

Actually, the problem before the court in Winters related to appellant's request to amend a document which was filed coincident with the appeal and called a "bond" although drafted in the form of a recognizance. Following the rule laid down in Womelsdorf v. Heifner, 104 Pa. 1 (1883), the court stated, at page 326, quoting from Womelsdorf:

"Where an appeal has been taken in good faith and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal. So where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury. The books are full of such cases."

By way of contrast, see Moritz's Contested Election, 256 Pa. 537, 541 (1917), where the statute spe-

cifically required that the bond be filed within the 10-day appeal period, and thus the filing thereof was held to be a condition of the court's entertaining jurisdiction. See also the discussion of this court in Commonwealth v. Michael, 18 Bucks 336 (1968), cited by the school district, where the appeal was conditioned "upon entering into a recognizance," under section 1333 of art. XIII, of the Public School Code, supra, 24 PS §13-1333. In the same vein was Gabel v. Chintala, 80 York 201 (1967), affirmed on appeal, 212 Pa. Superior Ct. 471 (1968), where no recognizance of any sort was filed notwithstanding the statutory requirement that "Such appeal shall be entered, and the costs paid, *and recognizance filed,* within twenty days after the day of the entry of the award of the arbitrators on the docket": (Italics supplied.) Arbitration Act of 1836, supra, 5 PS §71.[2]

It is readily seen that a clear distinction exists between the line of cases which deal with situations where no time limit is fixed for filing the bond and those in which the recognizance or bond is a prerequisite to the appeal itself. In the latter instance, when the bond is not filed within the statutory period, the appeal must be quashed. If the bond or recognizance is timely filed but found to be faulty, the court will most often permit amendment barring resulting prejudice to the appellee.[3] However, where there is no express statutory limitation upon the time for filing of the appeal bond, such a limitation should not be implied merely because the statute fixes a time limit for the entering of the appeal itself. See, generally, 4 C.J.S. Appeal and Error, §565.

In the case before us, the appeal was filed well within the statutory time limitation and there being no

---

[2] See Carr v. McGovern, 66 Pa. 457 (1870).

[3] Koenig v. Bauer, 57 Pa. 168 (1868); Kerr v. Martin, 122 Pa. 436 (1888).

requirement that the bond also be filed within that period, it may be filed within a reasonable time thereafter. The filing in the instant case, occurring but five days after the expiration of the appeal period, has met this requirement and the school district's motion to quash the appeal will be denied.

## ORDER

And now, February 5, 1970, the school district's motion to strike the appeal is hereby denied and dismissed.