## James I. Wright v. Millikin, Appellant.

*Attachment against nonresident—Justice of peace—Jurisdiction by entry of bail on appeal and appearance in the common pleas—Act of May 8, 1874.*

By entry of bail for payment of debt, interest and costs, and general appearance for defendant in the court of common pleas, an attachment issued by a justice of the peace under the foreign attachment act of May 8, 1874, P. L. 123, is dissolved and the goods of the defendant released from its grasp; and the appeal and unconditional appearance operate as a waiver of objection to the jurisdiction by reason of the residence of the defendant within the state.

Argued Oct. 24, 1892.    Appeal, No. 326, Oct. T., 1891, by defendant, P. P. Millikin, from judgment of C. P. No. 1, Allegheny Co., June T., 1891, No. 572, for plaintiff, James I. Wright. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Rule for judgment for want of sufficient affidavit of defence in action for wages for manual labor begun in an alderman's court by attachment under the act of May 8, 1874, and appealed to the common pleas.

The facts and pleadings appear in the opinion of the Supreme Court.

The opinion of the court below was as follows:

" The only question we can consider in this case is whether

the affidavit of defence shows such facts as (if true) will oper-ate as a defence to plaintiff's claim. If the proceedings before the alderman were void, by reason of the facts alleged in the affidavit of defence, then a good defence is shown ; but if not so, but only irregular, then the appeal and appearance for defendant cures the defect, and defence to the claim cannot be based upon such irregularity. It needs no authority now to show that an appearance cures all defects in service of summons, and I can see no difference between this case and the ordinary cases commenced by summons. It is said in Malone v. Lindsley, 9 Leg. Int. 11, Jan. 16, 1852, in a case of foreign attachment : ' It is not competent for the defendant to raise by plea any question affecting the regularity of the process. He admits it by appearing and taking defence. As well might a freeholder sued by capias plead his privilege in bar, or a defendant in any case that the summons was not served. These questions are collateral altogether to the merits.' The author of Troubat & Haly's Practice says : ' It may be added that such a plea (domicil pleaded in abatement) would if pleaded alone be no answer to the declaration, and the court would not, even if the plea of domicil be found for defendant, dissolve the attachment merely to enable him to abstract his property from the plaintiff's execution.'

" The case referred to by counsel in the argument in which it was held : ' If a nonresident of the county be sued by a long instead of a short summons, the judgment is void,' does not seem to me to bear upon this case, for there the objection appeared of record, but here the fact if true can only be shown by evidence dehors the record.

" We are not disposed, however, to enter judgment in this case without giving the defendant an opportunity to file an affidavit upon the merits of plaintiff's claim. He is therefore allowed ten days from this date to file an affidavit setting up a defence to plaintiff's claim, if he desires so to do ; but in case a sufficient affidavit to the merits is not filed within such time, judgment will be entered for the amount of plaintiff's claim.

" In Billings & May v. Russel, 23 Pa. 191, BLACK, C. J., said : ' If the justice was wrong in issuing the attachment and if the defendant did not waive the error by appearing, still nobody but the defendant himself had a right to complain of it, and even he could get redress only by certiorari.' "

No additional affidavit having been filed, the rule for judgment was made absolute. Defendant appealed.

*Errors assigned* were, (1) in not disposing of the plea in abatement; (2) in requiring an affidavit of defence to the merits, without first disposing of the plea in abatement; (3) in holding that the proceedings before the alderman were only irregular, but not void; (4) in refusing defendant the right to traverse by plea in abatement and affidavit the cause for issuing the writ of attachment; (5) in holding that defendant by appealing had waived his right to object to the regularity of the proceedings before the alderman; (6) in granting judgment for want of a sufficient affidavit of defence.

*A. Leo Weil,* for appellant.—The proceedings before the alderman were void, the act of 1874 applying only to nonresidents : Vansyckel's Ap., 13 Pa. 128. If the alderman had no jurisdiction the common pleas had none on appeal: Deihm v. Snell, 119 Pa. 316 ; Bergman v. Roberts, 61 Pa. 497 ; Collins v. Collins, 37 Pa. 388 ; Wright v. Guy, 10 S. & R. 227 ; Owen v. Shelhamer, 3 Bin. 45 ; Moore v. Wait, 1 Bin. 219.

Objection to the jurisdiction can be made even after judgment has been entered on the transcript: Pantall v. Dickey, 123 Pa. 431; Moreland Twp. v. Gardner, 109 Pa. 117 ; or after trial and verdict: Peter v. Schloss, 81 Pa. 439 ; Collins v. Collins, 37 Pa. 387. The entry of the appeal is no waiver of the right to except to the jurisdiction : Gates v. Bloom, 1 Adv. R. 663.

If the facts stated in an affidavit of defence furnish the necessary material for a formal plea in abatement, the affidavit is sufficient: Billington v. Steel Co., 19 W. N. 339 ; Bank v. Ship Building Co., 18 W. N. 62.

The cases cited by the lower court are not authority for the principles stated by the court: 2 T. & H. Pr., sec. 2269 ; Lindsley v. Malone, 23 Pa. 24.

Pending the disposal of the plea in abatement no affidavit of defence was required. Pleas in abatement and pleas in bar cannot be pleaded at the same time : 1 Chit. Pl. 593 et seq., 260 ; Bac. Ab. Pleas (K), 1, 3 ; Steph. Pl. 295-6 et seq., 279.

*George H. Quaill,* for appellee.—Upon appeal the trial was de novo and on the merits: Bollinger v. Gallagher, 144 Pa.

214; Blyler v. Kline, 64 Pa. 130; Brenner v. Moyer, 98 Pa. 274; Lindsley v. Malone, 23 Pa. 24; M. C. & L. R. R. v. Wilcox, 48 Pa. 162; Weaver v. Stone, 2 Grant, 422.

Where the objection is not to the judicial power of the court but to the mode in which it is brought before it, an objection to this irregularity must be taken before a general appearance: Spencer v. Bloom, 1 Adv. R. 661; s. c., 30 W. N. 127; Silver v. Co., 32 Pa. 357; Schenley v. Com., 36 Pa. 29; Quay v. Kuckner, 2 Clark, 79; Swanger v. Snyder, 50 Pa. 218; Poor v. Collum, 57 Pa. 415.

While the act of 1874 applies only to amounts under $100, proceedings by attachment are embraced in the act enlarging the jurisdiction of justice of the peace: Act July 9, 1879, P. L. 184; Jacoby v. Shafer, 105 Pa. 610.


OPINION BY MR. JUSTICE MCCOLLUM, January 3, 1893:

This is an action for the wages of manual labor. It was brought before an alderman and under the foreign attachment act of May 8, 1874, P. L. 123. It was proven by the affidavit of the plaintiff to the satisfaction of the magistrate that the defendant was a nonresident and the bond required by the act was given before the attachment was issued. The subsequent proceedings were regular and resulted, on the 18th of April, 1891, in a judgment for the plaintiff for $234.25 and costs. From this judgment the defendant, on the 27th of April, 1891, having by his agent or attorney made affidavit and given bail for the debt and costs, as required by law in such cases, appealed.

The record of the proceedings in the court of common pleas to which the appeal was taken shows that a plea in abatement was entered on the 9th and an affidavit of defence was made on the 27th of June, 1891. The material fact alleged in the plea and affidavit was that when the writ of foreign attachment was issued the defendant was a resident of the state of Pennsylvania. The plaintiff, having filed a statement of his claim on the 25th of June, 1891, obtained a rule on the 15th of July, 1891, to show cause why judgment should not be entered for want of a sufficient affidavit of defence. This rule was made absolute on the 30th of September, 1891, and judgment was entered against the defendant for $240.55. From this judgment the appeal to this court was taken, and the

single question presented by it is whether the affidavit contains a valid defence to the action. The answer to this question depends on the effect to be given to the appeal from the judgment of the magistrate, the entry of bail for the debt and costs, and the general appearance for the defendant in the court of common pleas.

We think that by the entry of bail for the payment of the debt, interest, and costs, the attachment was dissolved and the goods of the defendant were released from its grasp, and that the appeal and unconditional appearance constitute a complete answer to all objections founded upon an alleged want of jurisdiction of the person. It is true that this bail was given on appeal, but it was bail to the action, security for the claim, and such as was required by law, on appeals from judgments for the wages of manual labor. It is like, and affords precisely the same protection to the plaintiff in the action as the bail which under the act of 1836 dissolves the attachment; and we discover no valid reason for denying to it the same effect. After entering this security the defendant cannot be heard in the common pleas to allege irregularities and defects in the prior proceedings, but the action must proceed in due course as if commenced by summons, duly served.

Consent may give jurisdiction of the person but not of the subject-matter. It is usually expressed by appearing and pleading to the merits, either in the court of original jurisdiction or in the appellate jurisdiction, and a general appearance is sufficient without pleading: Am. & Eng. Ency. of Law, vol. 12, page 299, and cases cited.

The subject-matter of the suit is a claim for wages, and of this an alderman has undoubted jurisdiction by summons or domestic attachment against the resident, and by short summons or process of foreign attachment against the non-resident debtor. The conditions essential to the exercise of this jurisdiction in either form may be waived: Ibid. 300, and cases cited.

The specifications of error are overruled.

Judgment affirmed.