## Susquehanna County Auditors' Report (Appeal of Daugherty et al.).

Argued March 4, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*John H. Dando,* with him *E. R. W. Searle,* for appellants.

*Thomas A. Doherty,* with him *Elbert L. Davies,* for appellees.

OPINION BY KELLER, P. J., September 30, 1936:

When this case was here a year ago (118 Pa. Superior Ct. 47, 180 A. 148) it was heard and decided on its merits. Nothing else was brought to our attention or argued on either side. The present appeal is concerned with a procedural matter not raised when the prior appeal was argued.

The preliminary facts involved were stated in the opening of the former opinion as follows: "Thirty-six citizens and taxpayers of Susquehanna County appealed to the court of common pleas of that county from the

report of the county auditors for the fiscal year 1931, filed February 9, 1932. The appeal was taken from the refusal of the auditors to surcharge the county commissioners with certain payments ordered to be made by them and which had been excepted to, because, it was alleged, they were without legal warrant or authority. By agreement of counsel the appeal was heard by the court without a jury. The court filed its adjudication, surcharging the county commissioners in the sum of $2,026.70 for payments on warrants improperly and illegally ordered by them, but refusing to surcharge them for certain other payments which the appellant taxpayers contended were likewise without legal warrant or authority. Exceptions filed by the taxpayers to the adjudication were dismissed. Ten of the appellant taxpayers have appealed to this court."

The county commissioners did not appeal from the surcharge of $2,026.70 imposed on them by the court below, and the propriety and validity of that surcharge was not questioned by them. When the case was first appealed there was, consequently, a judgment entered against the commissioners for $2,026.70, which was final and conclusive, because the time within which an appeal might have been taken had expired. The only question that came before us was whether additional surcharges should have been imposed. We sustained the appellant taxpayers in some of their contentions and ordered additional surcharges to be imposed on the county commissioners, (1) for traveling expenses, etc. illegally charged and received by them in going from their respective homes to the county seat and returning; (2) for the difference between ten cents a mile circular charged by them for the use of their automobiles on county business and the actual amounts laid out and expended; (3) for expense bills collected by them which were not properly itemized; (4) for expense bills of the county inspector of weights and meas-

ures which were paid without proper itemization. The judgment entered was in the following form: "The assignments of error are sustained to the extent indicated in this opinion; and the record is remitted to the court below with directions to consider the evidence,—reopening the case if necessary—and make the necessary further findings and determinations in accordance with the views expressed in this opinion; and to enter such judgment as the law and the evidence, in the light of this opinion, require." It would seem that the duty of the court below was clearly marked out in the opinion and judgment of this court, and that it should have proceeded to carry out that judgment (See *Lockhart's Est.*, 111 Pa. Superior Ct. 15, 169 A. 475) leaving to a higher court the correction of any errors in our decision of the case.

Between the argument of the prior appeal in this court, (March 6, 1935) and the filing of our opinion (July 18, 1935), the Supreme Court, on June 29, 1935, handed down an opinion in *Monroe County Auditor's Report*, 319 Pa. 63, 179 A. 752, in which they affirmed the order of the Court of Quarter Sessions of Monroe County, quashing an appeal by taxpayers from the report of the county auditors, because the recognizance of appellants, in the sum of $2000—which on exception to the sufficiency of the original recognizance the appellants had been ordered to file—was undated, bore no executed acknowledgment and was signed by only fifteen of the sixteen appellants. Both the court below, in that case, and the Supreme Court followed the decision in *Mayo's App.*, 315 Pa. 269, 172 A. 848, (filed on May 24, 1934, before the entry of the judgment or decree of the court below in this case) which had affirmed the order of the Court of Quarter Sessions of Jefferson County dismissing the appeal of taxpayers because all of the appellants had not entered into the required recognizance as principals, but only ten of them

had signed in the dual capacity of principal and surety and one other person, not an appellant, had also signed as principal and surety.

It will be noted that in both these cases the motion to quash or set aside the appeal was made and sustained in the lower court at the very inception of the court proceeding, and the Supreme Court affirmed the order so made. The cases did not proceed to a hearing on the merits in the court below.

On the return of the record to the court below following our decision of the case, counsel for the county commissioners presented a petition to the lower court setting forth that although forty-one taxpayers had appealed from the report of county auditors only seventeen of them had signed the recognizance filed May 4, 1932; and only twenty-five of them had signed the new or amended recognizance filed December 23, 1932, and that seventeen of the appellant taxpayers had not signed or entered into the recognizance, and prayed the court to grant a rule to show cause why the appeal should not be dismissed. To the rule so granted the appellant taxpayers filed an answer setting forth that the appeal had been taken and filed on April 19, 1932 and on May 4, 1932 bond and recognizance in the sum of $1000 was approved by the court and filed; that on June 6, 1932 and July 11, 1932 general appearances were entered for the county commissioners by their present counsel; that by agreement of counsel on both sides the case was heard by Judge Swoyer, specially presiding, without a jury; that the hearings began August 17, 1932 and were continued until May 16, 1933; that on December 7, 1932, while the hearings were in progress, the county commissioners, by their counsel, first moved to quash the proceedings on the ground that the bond and recognizance were defective; that an answer was filed and on December 14, 1932 the rule was discharged; that on December 23, 1932 another recognizance was filed and

approved by the court; that on the same day the county commissioners obtained a rule to strike off said recognizance and dismiss the appeal which was discharged by the court on December 29, 1932. [It may be noted that no appeal was taken from the several orders of court discharging the rules to strike off the recognizances and dismiss the appeal]; that the issue was so proceeded with that on November 24, 1933 the court entered a decree nisi directing judgment to be entered against the commissioners jointly and severally to the use of the County of Susquehanna in the sum of $2,208.27 and on July 12, 1934 entered judgment against the said county commissioners jointly and severally, in the sum of $2,026.70, from which no appeal was taken. The answer further referred to the appeal to and proceedings in this court and the judgment before recited, offered an itemized statement of further surcharges to be made pursuant thereto, totalling $2,365.75, and averred that the court below was without authority to reconsider its action discharging said rules and now dismiss and set aside the appeal and proceedings consequent thereto.

The court below after consideration of the petition and answer, on October 21, 1935 made the rule absolute and dismissed the action (or appeal) of the taxpayers, at their costs. The appellant taxpayers appealed to this court.

We will assume for the purposes of this case that both of the recognizances filed in the court below were defective within the ruling of the Supreme Court in *Mayo's Appeal* and *Monroe County Auditor's Report,* but it does not follow that the effect of those decisions is to invalidate a judgment duly entered in the court below and not appealed from, or a judgment of this court from which no appeal has been allowed, entered after a full and complete hearing on the merits. See In re *Auditor's Report,* 245 Pa. 17, 91 A. 517.

As before pointed out, in each of those cases, at the

very inception of the proceedings in the court of common pleas and before there was any hearing on the merits, the county officers, whose official conduct was complained of, excepted to the recognizance filed and moved to quash the appeal, because appellants had not complied with the requirements of the statute in respect to the recognizance. In the present case counsel entered a general appearance for the county commissioners, agreed that the case might be heard by a judge without a jury, proceeded to a hearing on the merits and carried on the hearings in the case for nearly four months before they raised any objection to the recognizance already filed and approved, and moved to quash the appeal. In each of those cases the court below quashed or set aside the appeal following the motion to do so, and this action was affirmed in the Supreme Court. In the present case the court discharged the rule to quash and no appeal from such action was taken by the commissioners, but on the contrary they continued in the trial on the merits, resulting in a judgment against them in the court below, which became final because not appealed from, and a judgment in this court directing further surcharges against them. The question of the insufficiency of the recognizance or recognizances was not raised in this court, the argument of the commissioners' counsel being confined to the contention that they were not, on the merits legally liable to *further* surcharges.

While the entering of a proper recognizance, as provided by statute, is a "basic procedural requirement"[1] in an appeal to the court of common pleas from a county auditor's report, it does not go to the *cause of action* or subject matter, and being procedural in character a *defect* in the recognizance—as distinguished from the total want or absence of a recognizance—may be waived by a general appearance and a hearing or trial on the

---

[1] Mr. Justice MAXEY in *Mayo's Appeal,* 315 Pa. 269, 272.

merits. It is along the line of defects in service of process, to bring a party into court, which are always waived by the appearance of the party *(Dewart v. Purdy,* 29 Pa. 113). In *Schenley v. Com.,* 36 Pa. 29, which concerned the jurisdiction of the District Court to try the scire facias in question the Supreme Court said, speaking through Mr. Justice STRONG (italics supplied) : "But it is said, that *before the jurisdiction can attach, there must be a certificate from the president judge of the Common Pleas.* To this it might be answered, that even if such a certificate were necessary to bring the case into that court, it would not be for the defendants to object to its absence, after having appeared, pleaded, and gone on to trial. It is not to be denied, that when the case is in that court, it has authority to try. The objection, therefore, is not to the judicial power of the court, *but to the mode in which the case is brought before it.* If available at any stage of the proceeding, it must have been taken before general appearance and plea in bar." The rule that consent cannot give jurisdiction applies only to jurisdiction of the cause of action or subject matter, not to jurisdiction of the person, or jurisdiction based on matters of procedure. As to the latter classes, defects can always be waived by the party. In *McCullough v. Railway Mail Assn.,* 225 Pa. 118, 122, 123, 73 A. 1007, Mr. Justice MESTREZAT, speaking for the Supreme Court, said: "It is a familiar rule of practice in this state that an appearance by the defendant cures any defect or irregularity in the service of the writ. A defendant may appear in person or by counsel. If he appear by counsel, the latter causes his name to be entered on the record. It is not necessary, however, that the defendant should formally appear personally or by counsel to give the court jurisdiction, and to make him amenable to its order, decree or judgment. He will be regarded as having appeared if he give bail to

the action, if he file an affidavit of defense to the merits of the cause, if he make defense before arbitrators or appeal from an award, or if he agree that an amicable action may be entered. By taking either of these steps in an action brought against him, the defendant submits himself to the jurisdiction of the court for the trial of the cause on its merits, and is bound by the judgment." Thus in *Larkin v. Scranton City,* 162 Pa. 289, 29 A. 910, an appeal from an award of viewers, where the defendant raised the question of want of jurisdiction because of defects in procedure the court held that as the subject matter was within the general jurisdiction of court and the city had helped frame the issue and pleaded to it, it had waived the right to object that it was not properly in court and could not raise the question of jurisdiction. In *Swecker v. Reynolds,* 246 Pa. 197, 92 A. 76, it was held that any action on the part of a defendant in a case brought against him, except an objection to the jurisdiction, which recognizes the case as being in court, will amount to a general appearance, and waive objections to the jurisdiction relating to defects in process or procedure.

The principle that objection to the jurisdiction may be taken at any stage of the proceedings applies only to cases where the court did not have jurisdiction of the subject matter *(Rankin's App.,* 95 Pa. 358, 365) or it appeared on the face of the record that the defendant had not been served with process or appeared to the action and hence jurisdiction over him had not been obtained *(Wall v. Wall,* 123 Pa. 545, 16 A. 598). It does not affect the right or power of the defendant by appearing and defending on the merits to waive the defect in service of process or procedure.

For example, the municipal court has no jurisdiction in divorce. The judicial power in that class of cases has not been given it. If, notwithstanding this lack of jurisdiction over the cause of action, the municipal

court should issue a libel in divorce, no matter what a respondent might do in defense thereto, any decree of the court would be a nullity. cf. *Caruso v. Gallo,* 62 Pa. Superior Ct. 584. But if in an action of which the municipal court has jurisdiction, a defendant is improperly served or some procedural requirement for his benefit or protection is defectively executed, he may move to quash the writ and set aside the service, or he may appear and defend on the merits; in which latter event he cannot later question the jurisdiction.

The "basic procedural requirement" imposed by statute in appeals from county auditors is very similar to that which our statute relating to actions of replevin requires as a prerequisite to the issuance of the writ. The plaintiff in that action must file a bond with approved security in double the value of the goods sought to be replevied. If this is not done, the writ will be quashed: *Huron Leather Co. v. Sklar,* 101 Pa. Superior Ct. 534. But if a bond is filed and the defendant gives a counter bond and retains the goods, he cannot subsequently have the writ quashed, even though the original bond filed was defective: *York Ice Machinery Corp. v. Robbins,* 323 Pa. 369, 185 A. 626. In the opinion filed in that case Mr. Justice BARNES, speaking for the court, said: "The Replevin Act makes the filing of a validly executed bond a condition precedent to the issuance of a writ: See *Huron Leather Co. Ltd. v. Sklar,* 101 Pa. Superior Ct. 534. A replevin bond, by the terms of the Act, is security for the value of the goods replevied and damages consequential upon their taking and for costs, if it is shown that plaintiff had no right or title to them. Primarily, however, such a bond is intended for the protection of the defendant to the extent of the value of the goods. When, as in this case, a defendant chooses to file a counter-bond, certainly the most important purpose of the plaintiff's bond disappears. A

defendant has the option of proceeding to quash the writ if a bond is defective or invalid; he need not give a counter-bond to secure possession of the goods under those circumstances. On the quashing of the writ possession of the goods is restored to him. When, instead, the defendant chooses to file a counter-bond, and after a delay of eleven months seeks to quash the writ on the ground that the plaintiff's bond is defective, not only is his motion not timely made, but his repossession of the goods by the counter-bond effectively waives any defects in plaintiff's original bond."

A similar construction has been placed by our appellate courts on other statutes directing the filing of a bond as a procedural requirement before the court acquires jurisdiction. The Act of March 17, 1869, P. L. 8, which authorizes attachments against fraudulent debtors, as amended by the Act of May 24, 1887, P. L. 197, requires as a condition precedent to the issuance of the writ that the plaintiff shall file a prescribed affidavit and execute and file with the prothonotary a bond with approved security, to the Commonwealth of Pennsylvania for the use of the parties interested, in double the amount claimed, conditioned to pay the defendant all legal costs, fees and damages which he may sustain by reason of such attachment, if the plaintiff fail to prosecute the attachment with effect or it be quashed, dissolved or ended. We held in *Locey v. Sterling Motor Truck Co.*, 102 Pa. Superior Ct. 148, 156 A. 730, that the filing by the defendant in such an attachment of the counter-bond provided for by section 3 of the Act of 1869, and the acceptance of service by his attorney of the plaintiff's statement of claim *amounted to a general appearance for the defendant and cured any defects in the procedure up to that time.*

In *Wright v. Millikin,* 152 Pa. 507, 511, 25 A. 756, a foreign attachment for wages for manual labor before an alderman under the Act of May 8, 1874, P. L. 123,

the Supreme Court said: "We think that by the entry of bail for the payment of the debt, interest, and costs, the attachment was dissolved and the goods of the defendant were released from its grasp, and that the appeal and unconditional appearance constitute a complete answer to all objections founded upon an alleged want of jurisdiction of the person. It is true that this bail was given on appeal, but it was bail to the action, security for the claim, and such as was required by law, on appeals from judgments for the wages of manual labor. It is like, and affords precisely the same protection to the plaintiff in the action as the bail which under the Act of 1836 dissolves the attachment; and we discover no valid reason for denying to it the same effect. After entering this security the defendant cannot be heard in the common pleas to allege irregularities and defects in the prior proceedings, but the action must proceed in due course as if commenced by summons, duly served. Consent may give jurisdiction of the person but not of the subject-matter. It is usually expressed by appearing and pleading to the merits, either in the court of original jurisdiction or in the appellate jurisdiction, and a general appearance is sufficient without pleading ...... The subject-matter of the suit is a claim for wages, and of this an alderman has undoubted jurisdiction by summons or domestic attachment against the resident, and by short summons or process of foreign attachment against the non-resident debtor. The conditions essential to the exercise of this jurisdiction in either form may be waived."

In *Nagle v. Nagle,* 311 Pa. 187, 166 A. 649, a petition challenging the jurisdiction of the court, under the Act of March 5, 1925, P. L. 23, was dismissed where counsel for defendants had appeared generally and had defended the action for over two years by statutory demurrer and other pleadings. See also *Field's App.,* 305 Pa. 125, 157 A. 262; *Page v. Suspender Co.,* 191 Pa.

511, 518, 43 A. 345; *Lytle v. McCune,* 20 Pa. Superior Ct. 594; *Thomas v. Thomas,* 112 Pa. Superior Ct. 578, 172 A. 36; *Com. v. Barnett,* 199 Pa. 161, 179, 48 A. 976; *Goodyear Service Co. v. Moore,* 321 Pa. 320, 323, 184 A. 116.

"An absolute want of jurisdiction over the subject matter may be taken advantage of at any stage of the proceedings; but where the court has jurisdiction of the subject matter, an objection based on lack of jurisdiction of the person or *irregularity in commencement of the proceeding,* or some other exceptional matter, must be raised in limine or it will be waived": (italics supplied) 15 C. J. 847, sec. 166. The distinction thus referred to is preserved in the construction and interpretation of the Act of March 5, 1925, P. L. 23, which has changed the practice respecting appeals on jurisdictional questions and provides that whenever in any proceeding at law or in equity the question of jurisdiction over the defendant or the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined and the decision may be appealed to the Supreme or Superior Court as in cases of final judgments, and a failure to appeal within fifteen days will be deemed a waiver of all objections to jurisdiction over the defendant personally. But a want of jurisdiction of the cause of action may be taken advantage of after final judgment: *Grant v. Carpenter's Dist. Council,* 322 Pa. 62, 185 A. 273, *Wilson v. Garland,* 287 Pa. 291, 135 A. 131; *Wettengell v. Robinson,* 288 Pa. 362, 136 A. 673.

We think the same construction applies to a question of jurisdiction based on a procedural matter;—that it was the duty of the present appellees if they claimed that the recognizance filed pursuant to the statute was defective, to raise the question at the outset of the proceedings and before any hearing on the merits; and again, following their unsuccessful attempt to quash

the proceeding after four months of defense on the merits, it was their duty to appeal on the question of jurisdiction to the appellate court: *Tourison's Est.,* 321 Pa. 299, 303, 184 A. 95. Having done neither, but gone to a hearing which resulted in a final judgment against them, unappealed from, and a mandate from this court directing further surcharges, they cannot after the entry of that final judgment and the mandate from this court press the objection which they should have made at the very outset of the proceedings. Their conduct amounts to a waiver of any prior jurisdictional defects in the procedure.

The second, third and fourth assignments of error are sustained. The order appealed from is reversed. The judgment of $2026.70 against the defendants is reinstated, and the record is remitted to the court below with directions that it proceed to carry into effect the judgment of this court entered July 18, 1935. Costs to be paid by appellees.