# Werner Appeal.

Argued April 13, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and WRIGHT, JJ. (GUNTHER, J., absent).

*Leland W. Walker,* for appellant.

*Robert I. Boose,* with him *Charles H. Coffroth* and *Coffroth & Boose,* for appellee.

PER CURIAM, July 14, 1953:

This is an appeal from an order of the Court of Common Pleas of Somerset County quashing an appeal by taxpayers from the report of the County Auditors of Somerset County for the year 1951. The petition for appeal set forth that it was taken under the Act of May 2, 1929, P. L. 1278, Art. XII, §1035, 16 PS §1035, by ten or more taxpayers of the County of Somerset within the ninety day period required by law, and that the auditors' report was incorrect, inaccurate, incomplete, defective, and imperfect. Exceptions and specifications of error which purported to be in connection with the appeal were filed therewith.

The Auditors of Somerset County filed a motion to quash and dismiss the appeal because (1) no service of the appeal had been made upon them, and (2) no recognizance with two sufficient sureties, as required by the Act of May 2, 1929, P. L. 1278, Art. XII, §1035, 16 PS §1035, had been filed. A rule was issued and a hearing held upon the motion to quash and the answer thereto. The court granted the motion to quash the appeal, as it appeared from the record and was admitted by appellants that there had not been a compliance with the Act of 1929, 16 PS §1035.

The appeal to this Court was taken by one of the appellants in the court below from the auditors' report. Section 1035 of the Act of 1929, 16 PS §1035, provides in part as follows: "Any ten or more taxpayers of the county may, in behalf of such county, appeal from the report of its county auditors or controller to the court of common pleas, or prosecute any suit or action in behalf of said county, or defend such county in any suit, process or action now pending, or that may be brought against such county, by appeals from county auditors' or controllers' reports or otherwise. If no appeal is entered by county officials, the appeal by such taxpayers shall be entered within ninety days after the filing of such report in the court of common pleas. The appellants shall enter into recognizance, with two sufficient sureties, conditioned that the appellants shall prosecute said appeal with effect, and pay all costs that may accrue thereon in case they fail to obtain a final decision more favorable to the county than the report from which such appeal is taken."

The proceedings in the court below were fatally defective in that the taxpayers in their appeal from the auditors' report failed to file a recognizance in the manner and form prescribed by section 1035 of the Act of 1929, 16 PS §1035. In *Mayo's Appeal*, 315 Pa. 269,

172 A. 848, the dismissal of an appeal by taxpayers from a report of county auditors was affirmed where there was failure to comply with section 1035 of the Act, in that all of the twenty-eight appealing taxpayers had not entered into the required recognizance as principals, but only ten of them had signed in the dual capacity of principal and surety, and one other person, not an appellant, had also signed as principal and surety. See, also, *Monroe County Auditors' Report,* 319 Pa. 63, 179 A. 752.

The order of the court below will be affirmed. Appellant asserts that the Commissioners of Somerset County will be allowed to retain payments which are illegal if the court below is sustained in quashing the appeal from the auditors' report. As to this it is not amiss to refer to the statement of the Supreme Court in *Loushay Appeal,* 370 Pa. 453, 459, 88 A. 2d 793, 795, 796, that "payments made out of public funds by public officials *to themselves* as compensation or expenses, under an authorizing statute which is subsequently declared unconstitutional or inapplicable or void, may, because of public policy, be recovered by the County." See *Loushay Appeal,* 169 Pa. Superior Ct. 543, 83 A. 2d 408.

Order is affirmed.